The plaintiffs, Vearl and Kathy Davis, appeal from a summary judgment entered in favor of the defendant, Ford Motor Credit Corporation, Inc., in a suit seeking damages for the alleged wrongful repossession of a pick-up truck. We affirm.
On August 9, 1986, Vearl Davis leased, with the option to purchase, a new 1986 Ford Ranger pick-up truck from Fayetteville Ford-Mercury, Inc. Subsequently, the lease was assigned to Ford Motor Credit. Vearl's wife, Kathy Davis, signed the contract as a guarantor.
On March 17, 1989, Vearl was arrested for unlawful possession of marijuana, and he was indicted in April 1989. At the time of Vearl's arrest, he was seated in the pickup truck. The Madison County Sheriff's Department seized and impounded the vehicle; on June 1, 1989, Ford Motor Credit repossessed the vehicle. It is undisputed that Vearl was 17 days in arrears for the May payment. The criminal charges against Vearl were later dismissed.
It is undisputed that Ford Motor Credit sent a notice of sale and right of redemption to Vearl Davis at his current address; Vearl signed the postal receipt evidencing receipt of that notice. Ford Motor Credit claims to have also sent a separate notice of sale and right of redemption to Kathy Davis at the same address, which was the address Vearl had provided to Ford Motor Credit by an "address change" card.
Subsequently, Ford Motor Credit sold the vehicle at an auction for $5400; the "black book" value was $4400 and the pay-off on the debt when it was repossessed was $7333.74. Ford Motor Credit has not pursued the deficiency.
The lease provides in part in paragraph 22: "Vehicle Use: The Lessee will obey all laws in using the Vehicle." The lease also states that monthly installments are due on the 15th of each month; the lease provides in part in paragraph 19: *Page 1125 
 "Default: If the Lessee fails to make any payment under this Lease when it is due, or if the Lessee fails to keep any other agreement in this Lease, the Lessor may terminate this Lease and take back the Vehicle."
Ford Motor Credit filed a motion for summary judgment on May 6, 1991, which was supported by an affidavit of an employee of Ford Motor Credit stating that the Davises had been in default under paragraph 19 of the lease. The Davises filed affidavits in opposition to the motion for summary judgment. Vearl Davis, in an affidavit, stated:
 "[I]t is my best belief that all payments were current and/or permission from defendant Ford Motor Credit Company, Inc. had been given for any payment not current to be paid. Prior to the truck being repossessed, sometime between May 15, 1989 and June 1, 1989, I talked with a person at Ford Motor Credit Company, Inc., and I was told my truck would not be repossessed."
Kathy Davis stated: "When the truck in question was repossessed on or about June 1, 1989 by Defendant Ford Motor Credit Company, Inc., the payments are believed to have been current."
The affidavit in support of the motion for summary judgment unequivocally states that the monthly payment due on May 15, 1989, had not been paid as of June 1, 1989, the day the truck was repossessed. In response, the Davises merely stated that "it [was] my . . . belief that all payments were current" or that "the payments [were] believed to have been current." A party opposing a motion for summary judgment cannot create a genuine issue of material fact by merely stating that he believes that the statement of fact made in support of the motion is incorrect. He must present facts, not merely inferences based upon belief, that counter the facts offered in support of the motion.
In their brief, the Davises argue that they had been late on installment payments on other occasions, and, therefore, because Ford Motor Credit attempted no repossession on those previous occasions, it was estopped from repossessing their vehicle on June 1. There are no facts in the record to support an estoppel argument. The record consists of the lease, which unambiguously states that the Davises agreed to make monthly payments for 48 months and that upon their failure to make such payments, Ford Motor Credit had the right to repossess.
Pursuant to Rule 56, A.R.Civ.P., the standard of review is whether there was any genuine issue of material fact and, if not, whether Ford Motor Credit was entitled to a judgment as a matter of law. In determining whether there was a genuine issue of material fact, the appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment. Purvis v. PPG Industries,Inc., 502 So.2d 714, 716 (Ala. 1987).
After a party moving for a summary judgment has made a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the other party to show that there exists a genuine issue of material fact. Perry v. MobileCounty, 533 So.2d 602, 604 (Ala. 1988).
The Davises also contend that the summary judgment was improper because, they say, there was a dispute between the parties as to why the Davises' pick-up truck was repossessed. They argue that the parties are in disagreement as to whether the truck was repossessed because of the drug charge for which Vearl Davis was arrested and indicted and which resulted in the impoundment of the truck or was repossessed because the monthly payment was not made when due. Even if there is disagreement as to why the truck was repossessed, there is no dispute that the payment was not made as required by the lease and that Ford Motor Credit had the right under the lease to repossess the vehicle at the time it did.
The issue before this Court is whether the trial court properly concluded that the Davises had failed to raise a genuine issue *Page 1126 
of material fact on the issue of the Davises' default based on their failure to make timely payments under the terms of the lease. It is irrelevant that Vearl was arrested in the vehicle on a drug charge. The Davises failed to produce evidence that they were not 17 days late on the May payment when the truck was repossessed. The extent of the default is not material as to the right of repossession by the creditor, because, after default, the creditor has a right to immediate possession of the collateral. Chrysler Credit Corp. v. Tremer, 48 Ala. App. 675, 267 So.2d 467, 470 (1972).
The Davises argue that there is a genuine issue of material fact because, they argue, paragraph 22 of the lease is unconscionable. The question of unconscionability of a contract is a matter of law for the court; therefore, the issue of whether the provision in the lease was unconscionable was properly adjudicated on the motion for summary judgment. Alabama Code 1975, § 7-2-302; West Point-Pepperell, Inc. v.Bradshaw, 377 F. Supp. 154, 158 (N.D.Ala. 1974). Having examined the lease, we find that paragraph 22 was not unconscionable.
The Davises contend that Kathy Davis was not given proper notice of the repossession and, therefore, that the summary judgment was improper. This issue is raised for the first time on appeal. The record indicates that at no time in the trial court was the issue of lack of notice mentioned. A trial court's judgment cannot be reversed on an issue raised for the first time on appeal.
The Davises also argue that the trial court erred in ruling on Ford Motor Credit's motion for summary judgment before the Davises had completed their discovery. We find no merit in this argument. At the time of the ruling, there was no outstanding discovery relating to the issue of the Davises' default on their lease payment; the trial court did not err in ruling on the motion before the Davises had completed discovery on other matters. Murray v. Timberlake, 564 So.2d 885, 890 (Ala. 1990).
The Davises' last claim is that the repossession and resale of the pick-up truck constituted a conversion. Conversion is defined as:
 " '[A] wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse. . . . The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has general or special title to the property or the immediate right to possession.' "
Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305,315 (Ala. 1987), quoting Ott v. Fox, 362 So.2d 836, 839 (Ala. 1978). Ford Motor Credit did not exercise wrongful dominion over the vehicle, because, by virtue of the lease agreement, Ford Motor Credit owned the pick-up truck, and, therefore, had the right to repossess the vehicle when the Davises failed to make timely payments.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.