Stephen Blackburn was involved in a minor accident when the van he was driving collided with another vehicle driven by Michael Edward Jones. Both Blackburn and Jones were insured by State Farm Automobile Insurance Company ("State Farm"). Following the accident, Blackburn sued State *Page 1141 
Farm, alleging that it had acted in bad faith in failing to pay his claim arising from the accident. Blackburn later amended his complaint, alleging that State Farm had also acted in bad faith in refusing to investigate the accident and in failing to hire an independent adjuster for the claim. The trial court entered a summary judgment in favor of State Farm. Blackburn appeals.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's property supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). On review of a summary judgment, this Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. FlemingFoods of Alabama, Inc., 613 So.2d 359 (Ala. 1993).
Blackburn carried both liability and collision automobile insurance with State Farm. His collision coverage was subject to a $1,000 deductible. After the accident, he notified State Farm of the damage to his van. State Farm estimated the repair cost to be $1,052. Blackburn informed State Farm that he could have his van repaired for less than the State Farm estimate; he then had the van repaired for approximately $730. State Farm took no further action in regard to the repair of the vehicle.
Approximately a month after Blackburn had the van repaired, a State Farm representative wrote Blackburn concerning the accident. The representative stated that State Farm had investigated Blackburn's accident and had determined that Blackburn had been negligent in the accident. The representative stated that the investigation had included the following:
 "1. Statement from [Blackburn] concerning the facts of the accident.
 "2. Statement from Mr. Jones concerning the facts of the accident.
"3. Secured copy of the Police Report.
 "4. Personally interviewed the investigating officer concerning his investigation and report.
 "5. Referred file to our Mississippi office and they secured a detailed statement of Mrs. Linda Rippee [a passenger in Blackburn's van during the accident] concerning the accident.
 "6. We personally inspected and photographed the scene of the accident."
The representative also told Blackburn that State Farm had settled Jones's claim arising from the accident. Blackburn then filed this action, alleging that State Farm had acted in bad faith in refusing to pay his collision claim and in refusing to "determine whether or not there was any lawful basis to pay Michael Edward Jones and . . . [in refusing] to obtain an independent adjuster . . . [and] in failing to investigate [the accident]."
Blackburn's State Farm insurance contract provides:
 "We have the right to investigate, negotiate and settle any claim or suit.
". . . .
 "We will pay for loss to your car caused by collision but only for the amount of each such loss in excess of the deductible amount. . . ." *Page 1142 
In National Security Fire Casualty Co. v. Bowen,417 So.2d 179, 183 (Ala. 1982), this Court set out the elements of the bad faith tort:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
In Mitchum v. Hudgens, 533 So.2d 194 (Ala. 1988), the Court interpreted a policy provision allowing the insurer to "investigate, negotiate and settle any suit or claim" and concluded that that provision gave the insurer the "exclusive right to make a settlement of any claim brought against its insured, within the limits of the policy." 533 So.2d at 196. The insured may not compel or prevent such a settlement. Id.
The Mitchum Court emphasized, however, that the right to settle should not be exercised arbitrarily; the insurer must use due diligence in investigating the claim against the insured. 533 So.2d at 197.
After reviewing the record, we conclude that the trial court correctly entered the summary judgment for State Farm. It is undisputed that Blackburn's State Farm contract required him to pay a $1,000 deductible for collision coverage. As stated above, Blackburn's repairs to his van cost approximately $730. State Farm was required only to pay for losses that were greater than $1,000. One could not find a bad faith refusal to pay under these facts, because State Farm had a legitimate, contractual reason not to pay for Blackburn's repairs, the cost of which was less than the deductible amount.
Moreover, State Farm, pursuant to its contract with Blackburn, was entitled to investigate and settle claims arising under that contract. State Farm investigated the accident and determined that Blackburn was at fault. Accordingly, State Farm charged Blackburn's liability insurance coverage for $3,000, the amount of the settlement with Jones for the damage to his vehicle. This settlement was well within Blackburn's policy limits. State Farm did not act arbitrarily in settling Jones's claim, and it had the right to settle the claim within the policy limits. See Mitchum, supra. Further, State Farm had no obligation to appoint an independent adjuster to investigate Blackburn's accident, because it was authorized under its contract to settle Jones's claim against Blackburn. Blackburn simply presented no substantial evidence that State Farm acted in bad faith in this case.
Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer substantial evidence to defeat the motion. Riggs v. Bell, 564 So.2d 882, 884 (Ala. 1990). Blackburn presented no substantial evidence to rebut State Farm's prima facie showing that no genuine issue of material fact existed as to his claims. Therefore, we must affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.