835 So.2d 131 (2002)
Cheryl BURGOON, individually and as administratrix of the estate of J.B. Beasley, deceased
v.
ALABAMA STATE DEPARTMENT OF HUMAN RESOURCES et al.
1010345.
Supreme Court of Alabama.
May 17, 2002.
*132 Michael Guy Holton, Pike Road, for appellant.
J. Coleman Campbell and Sharon E. Ficquette, asst. attys. gen., Department of Human Resources; Stephen T. Etheredge, Dothan; and Jere C. Segrest and Kevin Walding of Hardwick, Hause & Segrest, Dothan, for appellees.
WOODALL, Justice.
Cheryl Burgoon, individually and as administratrix of the estate of her daughter, J.B. Beasley, deceased, appeals from a judgment dismissing her complaint against, among others, the Alabama State Department of Human Resources and the Houston County Department of Human Resources (hereinafter referred to collectively as "DHR"). We affirm in part, reverse in part, and remand.
According to the undisputed facts, 17-year-old J.B. Beasley was murdered. Her body was discovered locked in the trunk of her automobile; she had suffered a gunshot wound to the head. At the time of the murder, Beasley was in the legal custody of the Houston County Department of Human Resources.
On July 31, 2001, Burgoon commenced a wrongful-death action in the Houston Circuit Court against DHR and certain individuals, among whom were employees of DHR. The complaint alleged, among other things, that certain individuals had failed to supervise Beasley. It averred that "none of the Defendants can account for J.B. Beasley's whereabouts on the night of her death," and that the homicide occurred "[a]s a direct and proximate result of [the] failure to ... supervise." The complaint included claims for damages against DHR and against its employees in their individual and official capacities.
On August 8, 2001, one of the individual defendants moved to disqualify Burgoon's attorney, on the ground that the attorney would become a material witness in the case. On August 27, 2001, the trial court entered on the case-action-summary sheet an order scheduling a hearing on October 2, 2001, for "[a]ll pending motions." Subsequently, the defendants filed motions for dismissal. In particular, the individual defendants filed motions to dismiss pursuant to Ala. R. Civ. P. 12(b)(6) on August 30, 2001, and August 31, 2001. On September 5, 2001, DHR and one of its employees filed a joint "Motion to Dismiss Pursuant to [Ala]. R. Civ. P. 12, or in the Alternative, Motion for Summary Judgment Pursuant to [Ala]. R. Civ. P. 56." Accompanying the latter motion was the employee's affidavit. On September 21, 2001, that is, 11 days before the scheduled hearing, the trial court entered the following order on the case-action-summary sheet: "Motions to dismiss as to all defendants are hereby granted." From that judgment, Burgoon appealed.
Burgoon contends that the trial court erred in granting the defendants' motions to dismiss without a hearing. She relies on Ala. R. Civ. P. 78, which states, in pertinent part:
"To expedite further its business, unless there is a request for oral hearing, the court may enter an order denying a motion to dismiss without oral hearing. Unless the court orders otherwise, an order granting a motion to dismiss shall be deemed to permit an automatic right of amendment of the pleading to which the motion is directed within ten (10) days from service of the order."
(Emphasis added.) Particularly instructive are the "Committee Comments on 1973 Adoption" to Rule 78, which state, in part:
"It is to be noted that the last sentence of the rule prohibits the granting *133 of a Motion Seeking Final Judgment such as a Motion for Summary Judgment without giving the parties an opportunity to be heard orally.
"... In the event the court has any inclination toward the granting of the motion to dismiss, a hearing will continue to be required."
(Emphasis added.)
It is clear that the requirements of Rule 78 differ, depending on whether the trial court contemplates granting, as opposed to denying, a motion for a final judgment. Under the plain language of the rule and the comments to the rule, a trial court may not grant a motion to dismiss without a hearing, although, in some circumstances, it may deny such a motion. Cf. Van Knight v. Smoker, 778 So.2d 801, 805 (Ala. 2000) (except in "certain limited circumstances," Rule 56(c), Ala. R. Civ. P., entitles the parties to a hearing on a summary-judgment motion).
There is one notable exception to this rule. Under Alabama caselaw, a "circuit court is without jurisdiction to entertain a suit against the State because of [Ala. Const.1901, § 14]." Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971). "Therefore, it appears that a trial court or an appellate court should, at any stage of the proceedings, dismiss a suit when it becomes convinced that it is a suit against the State and contrary to Sec. 14 of the Constitution." 287 Ala. at 229, 250 So.2d at 678 (emphasis added).
A suit against a State agency, or against State agents in their official capacities, is a suit against the State. Ex parte Mobile County Dep't of Human Res., 815 So.2d 527 (Ala.2001); Ex parte Alabama Dep't of Forensic Sciences, 709 So.2d 455 (Ala.1997); Ex parte Franklin County Dep't of Human Res., 674 So.2d 1277, 1279 (Ala.1996); Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994). State agents enjoy absolute immunity from suit in their official capacities. "[A] county department of human resources is considered to be a State agency for purposes of asserting the defense of sovereign immunity." Ex parte Franklin County Dep't of Human Res., 674 So.2d at 1279. A trial court must dismiss an action against a State agency or against a State agent acting in an official capacity at the earliest opportunity. The trial court did not err in dismissing the claims against DHR and against its employees in their official capacities, because facially these claims were claims against the State.
The DHR employees in their individual capacities, however, enjoy only qualified immunity from suit. Ex parte Tuscaloosa County, 796 So.2d 1100, 1106 (Ala.2000). The law of qualified immunity was succinctly restated in Ex parte Cranman, 792 So.2d 392, 405-06 (Ala.2000), adopted by a majority of this Court in Ex parte Butts, 775 So.2d 173 (Ala.2000). The claims against the individuals in their individual capacities are not subject to the "notable exception" to Rule 78, because such claims are not claims against the State.
The trial court erred, therefore, in granting the motions to dismiss the claims against all individual defendants in their individual capacities without conducting a hearing. To the extent the judgment dismissed the claims against the individuals in their individual capacities, that judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion. To the extent it dismissed the claims against DHR and against the individual defendants in their official capacities, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*134 HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
I concur in reversing the trial court's order insofar as it dismissed the claims against the DHR employees in their individual capacities; however, I dissent from that part of the majority opinion affirming the trial court's order dismissing the claims against DHR and its employees in their official capacities without a hearing.