[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1102 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1103 
The petitioners, Kathy Sawyer, James R. Finch, and Sonya Stevens, present this case as one concerning a State-agent-immunity issue. We note first that for many years this Court has sought to ensure the availability of State-agent immunity to those entitled to protection from tort claims resulting from discretionary acts as agents of the State. In recent years we have clarified the requirements for State-agent immunity, and we have opened the doors of this Court for the expedited review of any denial of a motion to dismiss when that motion was predicated on an assertion of State-agent immunity. An expedited review can be had by an interlocutory appeal or a petition for a writ of mandamus, and many defendants have availed themselves of such a review.
This case, however, is not a State-agent-immunity case. It requires us to review the denial of an untimely motion for a summary judgment and to evaluate whether a petitioner has shown good cause for this Court to review an otherwise untimely petition for a writ of mandamus. The facts of the case, however, strongly suggest a need for guidance to both the bench and the bar regarding the requirements for soliciting the protection of State-agent immunity and for a review of a denial of a motion asserting such immunity.
Two petitions are before this Court, each seeking a writ of mandamus directing the Morgan Circuit Court to vacate certain orders and to issue judgments in favor of the petitioners, the defendants in a wrongful-death action. One of the petitions was filed by Kathy Sawyer, commissioner of the State Department of Mental Health and Mental Retardation at the time the cause of action arose, and James R. Finch, then director of the Lurleen B. Wallace Developmental Center in Decatur ("the Wallace Center"), the place where the cause of action arose. The other petition is filed by Sonya Stevens, an employee at the Wallace Center at the time the cause of action arose, whose name was substituted for fictitiously named defendants three years after the original wrongful-death action was filed. Because the petitions arise from the same basic set of facts and are inextricably intertwined, we have consolidated the two petitions for the purpose of writing one opinion. *Page 1104 
The Sawyer and Finch petition seeks a writ directing the trial court to grant Sawyer and Finch's summary-judgment motion, which was grounded on State-agent immunity, even though the motion was not timely filed. Stevens requests relief in the form of an order directing the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her May 25, 2006, summary-judgment motion on the ground that the claims against her are time-barred. For the reasons presented, we deny Sawyer and Finch's petition and grant Stevens's petition.
 I. Factual and Procedural Posture
The petitions are the latest filings in litigation that began on May 18, 2001, when Laura Percer filed a wrongful-death action in the Montgomery Circuit Court. The decedent was her sister, Cynthia Shirley, a resident at the Wallace Center. Shirley died on August 16, 2000, eight days after being hospitalized for head injuries sustained on August 8, 2000, when she fell and hit her head on the floor while Stevens was "redirecting" her. Percer named as defendants in the wrongful-death action the State Department of Mental Health and Mental Retardation ("the Department"), Sawyer, Finch, and several fictitiously named defendants who, she asserted, had had various responsibilities for and toward Shirley. The complaint included nine counts, eight of which demanded judgment in the amount of $5 million each. The ninth count requested that the court require the Department and all future commissioners of the Department to ensure that the residents of the Wallace Center are safe and that its employees are properly trained, supervised, and required to follow established policies and procedures.
Percer amended her complaint on November 15, 2001, to clarify that Finch was being sued in his individual capacity only. On March 17, 2003, the trial court, in accord with a writ of mandamus issued by this Court, [1] dismissed all claims against the Department and all claims against Sawyer in her official capacity; the claims against her in her personal capacity remained pending. The trial court also dismissed all claims for injunctive relief because Percer lacked standing to bring such claims.
The defendants moved the Montgomery Circuit Court to transfer the case to the Morgan Circuit Court for the convenience of the parties and witnesses; the Montgomery Circuit Court denied the motion, and the defendants then petitioned this Court for a writ of mandamus. On May 7, 2004, this Court issued the writ of mandamus and ordered the Montgomery Circuit Court to grant the defendants' motion for a change of venue. Ex parteSawyer, 892 So.2d 919 (Ala. 2004). The Morgan Circuit Court set the case for trial on February 13, 2006.
On September 27, 2005, shortly after deposing Stevens, Percer filed a motion to amend the complaint, seeking to add Stevens as a defendant and substituting her for certain of the fictitiously named defendants. Sawyer and Finch opposed the motion.
On or about January 12, 2006, Sawyer and Finch filed a motion to continue the February 13, 2006, trial and to modify the *Page 1105 
then current scheduling order. The motion stated the following reasons for seeking a continuance: a scheduling conflict with another case involving Sawyer; a need by all parties for additional discovery; and time conflicts of the defendants' attorneys. They also stated in their motion that they were entitled to State-agent immunity under Ex parteCranman, 792 So.2d 392 (Ala. 2000), and that such immunity is effectively lost if a case is erroneously permitted to go to trial, but they did not invoke the protection of State-agent immunity at that time. Instead, they expressed anintent to file a summary-judgment motion asserting State-agent immunity and requesting the court to enter a summary judgment on that basis. The motion to continue stated that Sawyer and Finch had refrained from filing a summary-judgment motion based on State-agent immunity while the court's ruling on Percer's motion adding Stevens as a defendant was pending, but it offered no explanation of the reason for refraining.
The court held a hearing on the motion to continue and continued the trial to June 19, 2006. The continuance order, dated January 17, 2006, also included a scheduling order that was obviously intended to bring the matter to trial by June 19; the order suggested that the deadlines in the order were to be modified by the parties at their peril. The first deadline was a February 7, 2006, deadline for filing summary-judgment motions.
The court granted Percer's motion for leave to amend on January 18, 2006, and Percer filed an amended complaint adding Stevens as a named defendant on January 24, 2006. Percer served Stevens with a copy of the summons, complaint, and amended complaint on February 11, 2006. On March 1, 2006, Stevens petitioned this Court for a writ of mandamus ordering the trial court to vacate its January 18, 2006, order joining her as a defendant. On March 14, 2006, the defendants filed a motion to stay the proceedings in the trial court pending this Court's ruling on Stevens's petition; the trial court denied that motion on March 20, 2006. This Court denied Stevens's petition on May 3, 2006, without an opinion, but with an order stating that Stevens had not shown that she had a clear legal right to the relief she sought.Ex parte Stevens (No. 1050688, May 3, 2006).
On April 25, 2006, Sawyer and Finch filed a motion for a protective order, seeking to prevent Percer from taking their depositions until the trial court ruled on their State-agent-immunity claim, which they had not yet asserted in any filing. On May 3, 2006, Sawyer and Finch filed a motion for a summary judgment, asserting their State-agent-immunity claim. The trial court denied the motion for a protective order and the motion for a summary judgment two days later, holding that the summary-judgment motion, filed after the February 7, 2006, deadline it had set in its scheduling order, was untimely. On May 17, 2006, Sawyer, Finch, and Stevens filed a motion to reconsider and a motion to modify the scheduling order, which the trial court denied two days later. Percer filed on May 17, 2006, a motion for sanctions and sought an order requiring Sawyer and Finch to sit for depositions. The trial court denied that motion on May 24, 2006. The petitioners then filed in this Court emergency motions to stay, and the circuit court proceedings were stayed on June 16, 2006. The petitioners then filed the instant petitions.
 II. Standard of Review "'"While the general rule is that denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for *Page 1106 
summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus." Ex parte Rizk, 791 So.2d 911, 912
(Ala. 2000). A writ of mandamus is an extraordinary remedy available only when there is: "(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).'"
Ex parte Estate of Reynolds, 946 So.2d 450, 452
(Ala. 2006) (quoting Ex parte Nail 879 So.2d 541, 543
(Ala. 2003)).
 III. Legal Analysis
Although common facts justify the consolidation of these petitions, each petition presents issues that are best analyzed independently.
Sawyer and Finch's petition poses the following issue:
 "Whether [Sawyer and Finch] are entitled to State-agent immunity, when their jobs were exclusively administrative in nature and (1) required the exercise of discretion in allocating resources and supervising personnel, (2) involved the development and implementation of plans, policies, and procedures, and (3) for which no guidelines or detailed checklists existed."
In Ex parte Cranman, supra, this Court stated the rule governing State-agent immunity:
 "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
 "(1) formulating plans, policies, and designs; or
 "(2) exercising his or her judgment in the administration of a department or agency of the government, including but not limited to examples such as:
 ". . .
 "(b) allocating resources,
 ". . .[or]
 "(d) . . . supervising personnel
 . . . ."
792 So.2d at 405. After Cranman was decided, this Court stated that "if any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, . . . it is possible that that employee would not be entitled to State-agent immunity." Ex parteButts, 775 So.2d 173, 178 (Ala. 2000).
In the issue posed in Sawyer and Finch's petition, the State employees are performing administrative jobs, are required to exercise their judgment in allocating resources and supervising personnel, are involved in developing plans and procedures, and are not working from required guidelines or checklists. They would, therefore, meet the first part of the test for eligibility for State-agent immunity. We note, however, that a portion of the test denies a State agent immunity "from civil liability in his or her personal capacity . . . when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Cranman, 792 So.2d at 405. Because this element of the test requires knowledge of the mental state of the State agent that was not included in the statement of the issue, the question whether the State employees are entitled to State-agent immunity may be answered in the affirmative only if the State employees were not acting in one of the proscribed manners when the cause of the action arose. Accordingly, as we have attempted in the past to make clear, "`[t]he applicability of the doctrine *Page 1107 
of discretionary function must be determined on a case-by-case basis, and it is a question of law to be decided by the trial court.' Ex parte Davis, 721 So.2d 685, 689 (Ala. 1998)."Ryan v. Hayes, 831 So.2d 21, 28 (Ala. 2002).
 A. State-Agent Immunity
Justice Lyons dissented from this Court's unpublished order staying the proceedings in the trial court. In his dissent, Justice Lyons stated:
 "I do not consider a defense of State-agent immunity in an action against a State agent in his or her individual capacity to be a matter involving subject-matter jurisdiction of the court. This Court has held that State-agent immunity from an action alleging negligence arising out of a discretionary act is an affirmative defense that must be raised and proved by the defendant. See Bell v. Chisom, 421 So.2d 1239 (Ala. 1982). See also Lightfoot v. Floyd, 667 So.2d 56, 64 (Ala. 1995) ('Qualified immunity [now referred to as State-agent immunity] is an affirmative defense that the defendant must raise and prove, and upon a defendant's motion for summary judgment the burden is on the defendant to show that his acts are entitled to such immunity. Phillips v. Thomas, 555 So.2d 81 (Ala. 1989).')."
Although 12 to 25 years old, the opinions cited by Justice Lyons remain valid precedent. Justice Lyons also noted that Sawyer and Finch rely on Larkins v. Department of MentalHealth Mental Retardation, 806 So.2d 358 (Ala. 2001), as justification for their immunity claim. That case deals with a court's lack of subject-matter jurisdiction when the claim is against the State and not when the claim is against an official in his or her individual capacity. The State cannot waive its immunity from suit, and it follows that the court can have no jurisdiction where no suit is possible. A defendant who is being sued in his or her individual capacity does not have the same immunity as the State has; he or she must submit to the authority of the trial court for a determination of the immunity issue. "Under the Alabama Constitution, a circuit court `shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b) [now § 1 2], Ala. Const. 1901." Ex parte Seymour,946 So.2d 536, 538 (Ala. 2006).
In another recent case, this Court quoted from several earlier cases to detail the burden-shifting process involved in establishing a claim of State-agent immunity on a summary-judgment motion:
 "In analyzing cases in which a defendant presents the trial court with a State-agent-immunity claim on a summary-judgment motion, this Court applies a burden-shifting analysis based on the evidence presented to the trial court. In order to establish State-agent immunity, the party seeking to assert the defense must present evidence indicating that the claims against him or her arise from the performance of a discretionary act. . . . If the defendant establishes that the conduct made the basis of the claims against him falls within a category of conduct giving rise to State-agent immunity, then the burden shifts to the plaintiff to show that the defendant acted in a manner that precludes application of State-agent immunity."
Ex parte Alabama Department of Mental Health MentalRetardation, 937 So.2d 1018, 1023-24 (Ala. 2006) (citations and footnotes omitted). In short, a claim of State-agent immunity must be made in the trial court, and the plaintiff must be given the opportunity to present evidence to refute the claim. *Page 1108 
 B. Sawyer and Finch
Sawyer and Finch argue that they are entitled to State-agent immunity because, they say, they have met their burden of proof in establishing that entitlement. They argue:
 "[I]n addition to establishing her entitlement to State-agent immunity, Ms. Sawyer testified that none of their actions were taken in bad faith, with malice, with willfulness, beyond their authority, or under a mistaken interpretation of the law. . . . Likewise, other courts have found no such evidence in similar lawsuits. Nevertheless, Ms. Percer has presented absolutely no evidence whatsoever that Ms. Sawyer discharged her duties in bad faith or otherwise."
 "Dr. Finch testified that none of his actions were taken in bad faith, with malice, with willfulness, beyond his authority, or under a mistaken interpretation of the law. . . . Ms. Percer also has failed to demonstrate that Dr. Finch was not exercising his judgment in the manner set forth in Ex parte Cranman [, 792 So.2d 392 (Ala. 2000)]. Dr. Finch created and implemented policies and procedures for the entire Wallace Center. . . . In short, . . . Finch has established his entitlement to State-agent immunity, [and Percer] has not and cannot present any evidence that [Finch's] actions were taken in bad faith or otherwise."
The factual findings of other courts in other cases involving the same issues and the same defendants are not binding on a trial court, although Sawyer and Finch argued otherwise to the trial court. Further, as we discuss below, Percer had no opportunity to present evidence indicating that Finch or Sawyer had discharged his or her duties in bad faith, with malice, beyond the scope of authority, or under a mistaken interpretation of the law, because the issue of State-agent immunity was not placed before the court in a timely filed motion. Neither is the question whether Sawyer and Finch met their burden before this Court. The question Sawyer and Finch have placed before this Court is "[w]hether the Petitioners' Motion for Summary Judgment based on State-agent immunity, filed after the trial court's deadline, was properly before the court for consideration, when the question of immunity is jurisdictional and can be raised at any time." We hold that because the motion for a summary judgment grounded on State-agent immunity was untimely, it was not properly before the court, notwithstanding that it raised a claim of State-agent immunity and notwithstanding the intent of the movants. Further, we reject the contention that an individual's claim of State-agent immunity raises a nonwaivable issue of subject-matter jurisdiction.
 "The longstanding legal principle of state sovereign immunity is written into Alabama's Constitution. `Article I, § 14, Alabama Constitution of 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Under this provision, the State and its agencies have absolute immunity from suit in any court.' Neither the State nor the [State agency] has the power to waive that immunity. . . ."
Alabama State Docks Terminal Ry. v. Lyles,797 So.2d 432, 434-35 (Ala. 2001) (citations omitted). Actions against individuals acting as State agents implicate the protection of § 13, Ala. Const 1901.[2] See Ex parte Cranman,792 So.2d at 401: *Page 1109 
 "In applying the doctrine of separation of powers, we must recognize § 14 as an expression of a strong public policy against the intrusion of the judiciary into the management of the State while, at the same time, acknowledging that it speaks only to a prohibition of lawsuits against the State and does not mention lawsuits against individuals. For this reason, the express provisions of § 13 establishing the right to a remedy through a lawsuit against an individual must, as to the issue before us, stand above the implications from § 14 in the hierarchy within the declaration of rights."
This rationale justifies differentiating between nonwaivable immunity in an action against the State and waivable immunity in an action against a State agent sued in the agent's individual capacity.
The extent to which these issues may be asserted by Sawyer and Finch at trial, however, is a question not before us.
Sawyer and Finch seek an order from this Court directing the Morgan Circuit Court to enter a summary judgment for them based on State-agent immunity. For the reasons presented and discussed below, such an order would be contrary to established law.
This Court has stressed its willingness to protect the safeguards of State-agent immunity. We have explained that,
 "once the parties have had the opportunity to conduct discovery, the defendants [will] have the opportunity to seek a summary judgment on the ground that they were entitled to State-agent immunity, and that if such a motion was made and denied by the trial court, review of the ruling could be then sought from this Court. . . ."
Ryan, 831 So.2d at 32. This opening of the Court's doors was not intended, however, to disenfranchise the trial courts. Possibly to prevent any future misinterpretation that its permissive stance in regard to State-agent immunity might allow for shortcuts, this Court continued in Ryan to reiterate its earlier statement that "`it is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala. R. Civ. P.].' Patton v. Black, 646 So.2d 8, 10
(Ala. 1994)." 831 So.2d at 32. Rule 12(b)(6), Ala. R. Civ. P., is closely related to Rule 56, Ala. R. Civ. P., "Summary Judgment." Rule 12(b) states, in part:
 "If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."
Thus, "it is a rare case" where a claim of State-agent immunity could be disposed of without resort to "matters outside the pleadings," i.e., based on a bare assertion of immunity.
After a hearing with the parties, the trial court scheduled the filing of summary-judgment motions no later than February 7, 2006. Sawyer and Finch filed their motion for a summary judgment on May 3, 2006, nearly three months after the filing deadline set by the trial court; the judge denied it two days later. The motion does not assert a claim of State-agent immunity in its 2 pages and 15 exhibits. The first assertion of a claim of State-agent immunity appears at page 8 in Sawyer and Finch's brief in support of their *Page 1110 
motion for summary judgment, where the argument is presented. The trial judge, in his answer filed in response to this Court's order of answer and briefs for this petition, stated:
 "On May 3, 2006, the petitioners filed their Motion for Summary Judgment which serves as the subject matter of this Petition. (Pet. Exhibit 17.) Finding that they had not requested an extension of the February 7 deadline and were about three months overdue, the undersigned on May 5, 2006, denied the Motion for Summary Judgment as being untimely filed (Pet. Exhibit 19.) On May 19, 2006, the Court denied the petitioners' Motion for Reconsideration and for Modification of Scheduling Order (Pet. Exhibits 21 and 22)."
"`"A writ of mandamus is . . . available only when thereis . . . an imperative duty upon the respondent toperform, accompanied by a refusal to do so. . . ."'"Estate of Reynolds, 946 So.2d at 452 (quoting Exparte Nall, 879 So.2d at 543) (emphasis added). Here, the trial judge had no imperative duty to respond to an untimely motion. The court's denial of the motion for a summary judgment was not based on State-agent immunity, it was based on the untimeliness of the motion.
Furthermore, "[i]n order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. Giambrone [v. Douglas], 874 So.2d [1046,] 1052 [(Ala. 2003)]; [Ex parte] Wood, 852 So.2d [705,] 709 [(Ala. 2002)]." Estate of Reynolds,946 So.2d at 452.
 The trial judge argues in his answer:
 "Whether subject matter jurisdiction is involved or not, the burden remains on the petitioners to properly and timely raise the immunity issue and prove that they are entitled to it. This is true in any case where subject matter jurisdiction is implicated. . . . In this case the petitioners did not timely request an extension of the summary judgment deadline imposed in the Court's January 17, 2006 Scheduling Order. Nor did they offer a showing of good cause for their delay of nearly three months beyond the deadline in filing their Motion for Summary Judgment."
In their reply to the trial judge's answer, Sawyer and Finch
 "concede that their Motion for Summary Judgment based on State-agent immunity was filed after the trial court's February 7, 2006 deadline. . . . However, . . . Kathy Sawyer has been granted State-agent immunity, as affirmed by this Court, on at least two separate occasions. Likewise, not only has the Morgan County Circuit Court previously granted Dr. Finch State-agent immunity, but this Court has affirmed the grant of State-agent immunity in similar suits. For these reasons and under well-settled law, the trial court was obligated to consider and grant their claims to State-agent immunity."
Sawyer and Finch suggest in their reply to the trial judge's answer that they never had scheduling meetings with the trial judge and that they "would not have agreed, and certainly would have objected, to a February 7, 2006, deadline for filing summary judgment motions." Sawyer and Finch then assert that they did not receive the scheduling order until January 26, 2006,
 "thereby giving them twelve days to file motions for summary judgment or seek relief from the Scheduling Order.[4]
 "_____ *Page 1111 
We agree with Sawyer and Finch that addressing the issue at the time would have been more prudent than filing their summary-judgment motion three months after the filing deadline set by the trial court. Filing the summary-judgment motion on time would have been even more prudent because it would have placed the issue of State-agent immunity before the trial court. While 12 days is not an overly long period in which to file the required motion, Sawyer and Finch seem to be very practiced at such filings, based on their claimed successes in the recent past, and this argument provides no support for the issuance of a writ of mandamus.
The trial court here did not consider whether State-agent immunity applied; it denied Sawyer and Finch's motion for a summary judgment as "untimely filed outside the deadline set by the Court." Sawyer and Finch have not demonstrated a clear legal right to the remedy they are now requesting from this Court, and their petition is accordingly denied.
 C. Stevens
In her petition, Stevens asks this Court to direct the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her summary-judgment motion on the ground that the claims against her are time-barred.
Stevens filed her petition for the writ of mandamus after the presumptively reasonable time for filing set forth in Rule 21(a)(3), Ala. R.App. P., i.e., the time for taking an appeal. That rule provides that petitions filed beyond the presumptively reasonable time "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Because the presence or absence of "good cause" is a threshold issue for this petition, we will consider it first.
Stevens was served with process on February 11, 2006. It may be that Stevens had knowledge of the action against Sawyer and Finch; "[h]owever[,] actual knowledge of an action `does not confer personal jurisdiction without compliance with Rule 4.'Gaudin v. Collateral Agency, Inc., 624 So.2d 631, 632
(Ala.Civ.App. 1993)." Cain v. Cain, 892 So.2d 952, 955
(Ala.Civ.App. 2004). Accordingly, the trial court obtained personal jurisdiction over Stevens on February 11, 2006, when process was properly served. Rule 12(a), Ala. R. Civ. P., requires that "[a] defendant shall serve an answer within thirty (30) days after service of the summons and complaint. . . ." Stevens filed a timely motion to dismiss on March 13, 2006, alleging that the claims in the amended complaint against her did not relate back to the original complaint and that the claims against her were time-barred. On March 20, 2006, the trial court denied the motion, apparently erroneously describing it as "a Motion to Dismiss filed by Defendant Sawyer," Petition at exhibit 16, because Sawyer had no such motion pending at the time. Stevens had filed a petition for a writ of mandamus with this Court, which we denied on procedural grounds on May 3, 2006, by an unpublished order; in that petition, Stevens did not show that she had a clear legal right to an order vacating the trial court's January 18, 2006, order granting Percer's motion to amend her complaint, because she was not a party to the action until February 11, 2006.
On May 17, 2006, Stevens and the other defendants filed what they styled as a *Page 1112 
"motion to reconsider," which included a request that the trial court modify its scheduling order to allow Stevens to file a motion for a summary judgment. After that motion was denied on May 19, 2006, Stevens, on May 25, 2006, filed a motion for a summary judgment and a motion for leave to file a motion for summary judgment. On June 8, 2006, the trial court denied this latter motion. On June 13, 2006, Stevens filed the petition for the writ of mandamus now before us. This petition would be timely if our only concern was the trial court's May 19 and June 8 orders; the petition, however, was filed beyond the presumptively reasonable time with regard to the March 20, 2006, order. Rule 21(a)(3), Ala. R.App. P., provides:
 "The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If the petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
The petition asserts that Stevens "explained in her May 25, 2006 Motion for Leave [to file a summary judgment] that she was not a party [named in the case] when the summary judgment deadline expired" and that her "efforts to first, and repeatedly, seek relief with the trial court provide the basis for good cause in respectfully requesting review of the trial court's March 20, 2006, Order."
Stevens has shown good cause for the late filing of her petition for the writ of mandamus based on her unique procedural posture in this case. Although a trial court has the authority to manage its docket through setting deadlines for the parties to a case under Rule 16, Ala. R. Civ. P., we find that the February 7, 2006, deadline for filing motions for a summary judgment, established in the January 17, 2006, order, did not apply to Stevens, who was served with process after
that deadline had passed. Therefore, Stevens's motion for a summary judgment — contending that the statutory period of limitations for the claim asserted against her had expired, that the plaintiff had failed to exercise due diligence in identifying Stevens as one of the fictitiously named defendants so that the amended complaint should not relate back to the original claim, and that the plaintiff knew, or should have known, about Stevens as a potential defendant before the statutory limitations period had expired — should be considered on its merits. Accordingly, we direct the trial court to vacate the June 8, 2006, order that denied Stevens's motion for leave to file a motion for a summary judgment and to consider her case on the merits.
 IV. Conclusion
Sawyer and Finch have failed to demonstrate that they are entitled to a writ of mandamus. Their motion for a summary judgment was denied not on the basis of State-agent immunity but because it was untimely. We therefore deny their petition. Stevens has shown good cause for the late filing of her petition for the writ of mandamus, and she has presented arguments in her various motions that are to be considered in the trial court. We therefore grant her petition and direct the trial court to vacate its June 8, 2006, order.
1051249 — PETITION DENIED.
 LYONS, SMITH, and BOLIN, JJ., concur. *Page 1113 
STUART, J., concurs specially.
COBB, C.J., and SEE, WOODALL, and MURDOCK, JJ., concur in the result.
1051304 — PETITION GRANTED; WRIT ISSUED.
SEE, STUART, SMITH, and BOLIN, JJ., concur.
COBB, C.J., and MURDOCK, J., concur in the result.
LYONS and WOODALL, JJ., dissent.
[1] Ex parte Alabama Department of Mental Health Mental Retardation, 837 So.2d 808 (Ala. 2002).
[2] Section 13 provides:
 "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."
[4] "With the benefit of hindsight seeking relief at that time from the January 17, 2006, Scheduling Order may have been the better course of action. However, seeking such relief was certainly not a guaranteed remedy."