34 So.3d 1248 (2009)
Ex parte ALABAMA PEACE OFFICERS' STANDARDS AND TRAINING COMMISSION and R. Alan Benefield, individually and in his capacity as executive secretary of the Alabama Peace Officers' Standards and Training Commission.
(In re Doby Vines and Joey Vines v. R. Alan Benefield et al.).
1051667.
Supreme Court of Alabama.
September 30, 2009.
*1249 Troy King, atty. gen., and Joseph D. Steadman, deputy atty. gen., of Dodson & Steadman, P.C., Mobile, for petitioners.
Robert D. Drummond, Jr., Fairhope, for respondents.
PARKER, Justice.
The Alabama Peace Officers' Standards and Training Commission ("APOSTC") and its executive secretary, Chief R. Alan Benefield, are defendants in an action brought by brothers Doby Vines and Joey Vines, former part-time employees at Southwest Alabama Police Academy ("SWAPA"). In the trial court, APOSTC and Benefield filed a motion for a summary judgment, asserting that they were immune from liability. The trial court denied the motion. APOSTC and Benefield now petition this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss with prejudice all the claims against them. We grant the petition.

I. Background and Procedural Posture

This case arises from the termination on January 24, 2003, of the Vineses' part-time employment with SWAPA, which resulted from an APOSTC directive authorizing the dismissal of all SWAPA part-time employees. The Vineses filed a complaint in the Montgomery Circuit Court on January 5, 2005, naming as defendants Benefield and Gary Branch, president of Faulkner State *1250 Community College,[1] in their individual and official capacities, and APOSTC. The Vineses sought restoration of their employment, wages, and benefits, and both compensatory and punitive damages from Benefield in his individual capacity, alleging that he and Branch had conspired among themselves to deny the Vineses their employment, wages, and benefits. They also claim that APOSTC did not have the authority to order their dismissal. The claims against Branch were subsequently dismissed. See supra note 1.
On June 9, 2006, APOSTC and Benefield filed a motion for a summary judgment, asserting the defense of immunity. The trial court did not address the issue of immunity when it entered its August 8, 2006, judgment denying their summary-judgment motion. APOSTC and Benefield now seek review of the denial of the motion for a summary judgment.

II. Standard of Review

"`While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.' Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000). A writ of mandamus is an extraordinary remedy available only when there is: `(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)."
Ex parte Nail, 879 So.2d 541, 543 (Ala. 2003).
"This case is before us on a petition for the writ of mandamus. The petition cites Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000), for the proposition that `[w]hile the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.' We confine our interlocutory review to matters germane to the issue of immunity. Matters relevant to the merits of the underlying tort claim, such as issues of duty or causation, are best left to the trial court.... See Ryan v. Hayes, 831 So.2d 21, 32 (Ala.2002) (recognizing that the defense of immunity should, as a general rule, be determined as a threshold issue, thereby avoiding `development of unnecessarily restricted principles of tort law driven by the need to accommodate principles of State-agent immunity')."
Ex parte Hudson, 866 So.2d 1115, 1120 (Ala.2003).

III. Analysis

APOSTC and Benefield's immunity defense was presented in the brief in support of the motion for a summary judgment. The order entered by the trial court denying the motion failed to address the immunity issue. The petition for writ of mandamus asks this Court to review whether the trial court erred in denying APOSTC and Benefield's motion for a summary judgment in which they asserted immunity as a defense.

*1251 A. State Immunity

Section 14, Ala. Const.1901, states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This Court has ruled that "[a] suit against a State agency, or against State agents in their official capacities, is a suit against the State.... State agents enjoy absolute immunity from suit in their official capacities." Burgoon v. Alabama State Dep't of Human Res., 835 So.2d 131, 133 (Ala.2002).

1. APOSTC

Section 36-21-41, Ala.Code 1975, creates the Alabama Peace Officers' Standards and Training Commission. It is undisputed that the statutorily created commission is an agency of the State of Alabama. Accordingly, a suit against APOSTC is prohibited as a suit against the State. The trial court, therefore, erred in denying the motion for a summary judgment in favor of APOSTC. Burgoon, 835 So.2d at 133 ("A trial court must dismiss an action against a State agency or against a State agent acting in an official capacity at the earliest opportunity.").

2. Benefield in his official capacity

The Vineses' demands for prospective restoration of employment, wages, and benefits depend upon the official scope of Benefield's authority. In their opposition to Benefield's motion for a summary judgment, the Vineses attached Benefield's affidavit, in which he states: "The only action I took with respect to the termination of Joey and Doby Vines was to communicate to Faulkner State University[[2]] APOSTC's decision to terminate them, and this action was taken in my official capacity as Executive Secretary of APOSTC." The trial court erred in not entering a summary judgment on the claims against Benefield in his official capacity based upon State immunity. See Burgoon, supra.

B. State-Agent Immunity

A State agent does not enjoy absolute immunity when acting in his individual capacity. This Court has recognized limitations on State-agent immunity. In Ex parte Cranman, 792 So.2d 392, 405 (Ala. 2000), a plurality of the Court restated the law of State-agent immunity:
"A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
"....
"(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
"....;
"(b) allocating resources;
"(d) hiring, firing, transferring, assigning, or supervising personnel; or
"....
"Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
"....
"(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
In Ex parte Butts, 775 So.2d 173 (Ala. 2000), a majority of this Court adopted the *1252 Cranman restatement of the rule governing State-agent immunity. Thus, State-agent immunity "`does not protect State officers and employees under circumstances where a plaintiff alleges that they acted "willfully, maliciously, illegally, fraudulently, in bad faith, beyond [their] authority, or under a mistaken interpretation of the law." Phillips [v. Thomas, 555 So.2d 81, 83 (Ala.1989)].'" Ex parte Town of Lowndesboro, 950 So.2d 1203, 1209 (Ala. 2006) (quoting Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala.2000)).
More than mere allegation is required, however, and this Court has prescribed the procedures to determine the applicability of the limitations on State-agent immunity under a given set of facts when such misconduct is alleged:
"This Court has established a `burden-shifting' process when a party raises the defense of State-agent immunity. Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003). In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. Giambrone, 874 So.2d at 1052; Ex parte Wood, 852 So.2d 705, 709 (Ala.2002). If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Giambrone, 874 So.2d at 1052; Wood, 852 So.2d at 709; Ex parte Davis, 721 So.2d 685, 689 (Ala.1998). `A State agent acts beyond authority and is therefore not immune when he or she "fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist."' Giambrone, 874 So.2d at 1052 (quoting Ex parte Butts, 775 So.2d 173, 178 (Ala. 2000))."
Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala.2006)(emphasis added).
In their response in opposition to APOSTC and Benefield's motion for a summary judgment, the Vineses argued that there existed "genuine issues of material fact such that judgment in favor of [APOSTC and Benefield] is not appropriate at this time." As discussed above, the defense of immunity may be rebutted by a showing that the State agent's conduct meets the exceptions to State-agent immunity as provided by Cranman. The Vineses addressed the immunity issue by asserting that "Benefield ... in [his] individual capacit[y has] acted willfully, in bad faith, beyond [his] scope of authority and/or under a mistaken interpretation of law."
The demands for compensatory and punitive damages for certain of Benefield's conduct in his individual capacity require more than the mere conclusory statements offered by the Vineses.
"In our review of [the plaintiff's] affidavit, we are mindful that we should view all facts stated in her affidavit most favorably to the plaintiff, but we are also mindful that `[s]ummary judgment is not prevented by "conclusory allegations" or "speculation" that a fact issue exists. Bare argument or conjecture will not satisfy a [nonmovant's] burden to offer facts to defeat the motion.' Riggs v. Bell, 564 So.2d 882, 885 (Ala.1990) (citations omitted). This Court has reiterated this principle frequently since Riggs, citing that case: McGarry v. Flournoy, 624 So.2d 1359, 1361 (Ala.1993); Crowne Invs., Inc. v. Bryant, 638 So.2d 873, 878 (Ala.1994) (`[M]ere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer facts or to defeat the motion.'); Blackburn *1253 v. State Farm Auto. Ins. Co., 652 So.2d 1140, 1142 (Ala.1994); Huff v. United Ins. Co. of America, 674 So.2d 21, 24 (Ala.1995); and Reid v. Jefferson County, 672 So.2d 1285, 1290 (Ala.1995) (`[the nonmovant's] statements are conclusory. Thus, those statements do not constitute substantial evidence and, therefore, do not warrant submitting [his] claim to the jury'). This Court has stated: `[A party opposing a summary-judgment motion] must present facts, not merely inferences based upon belief, that counter facts offered in support of the motion.' Davis v. Ford Motor Credit Co., 599 So.2d 1123, 1125 (Ala.1992)."
Brown ex rel. Brown v. St. Vincent's Hosp., 899 So.2d 227, 238-39 (Ala.2004). The Vineses had the burden of presenting evidence indicating that Benefield acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority when he performed the duties associated with "hiring, firing, transferring, assigning, or supervising personnel." Cranman, 792 So.2d at 405. The Vineses, with their conclusory allegations, failed to meet their burden. Therefore, the trial court should have granted the motion for a summary judgment as to Benefield in his individual capacity based upon the prima facie showing he made of State-agent immunity.
Moreover, as stated previously, the Vineses offered no evidence indicating that Benefield was more than a mere agent for APOSTC, the entity that directed the termination of the Vineses' employment. Consequently, the Vineses have not offered substantial evidence indicating that Benefield acted willfully, in bad faith, beyond his authority, or under a mistaken interpretation of law when he reported the decision of APOSTC to terminate the employment of all SWAPA part-time employees, including the Vineses.

IV. Conclusion

Consequently, the petition for the writ of mandamus is granted and the writ issued; the trial court is directed to dismiss the claims against APOSTC and against Benefield in his official capacity, because, based on State immunity, the trial court acquired no subject-matter jurisdiction over them, and to enter a summary judgment as to the claims against Benefield in his individual capacity.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, SMITH, BOLIN, and SHAW, JJ., concur.
WOODALL and MURDOCK, JJ., concur in the result.
MURDOCK, Justice (concurring in the result).
I concur in the result. See Ex parte Sawyer, 984 So.2d 1100 (Ala.2007) (Murdock, J., concurring in the result).
NOTES
[1] Branch was sued in his capacity as president of Faulkner State Community College, which provided classroom space, facilities-related services, and payroll services to SWAPA. In response to Branch's petition, this Court issued a writ of mandamus directing the dismissal of all claims against Branch. See Ex parte Branch, 980 So.2d 981 (Ala. 2007).
[2] "Under a `joint-use agreement' ... Faulkner State [Community College] allowed SWAPA to operate on its property, provided class-room space and facilities-related services, and provided payroll services to SWAPA." Ex parte Branch, 980 So.2d at 983.