SHAW, Justice
(concurring specially).
I concur in the holding in the main opinion that the Alabama Corrections Institution Finance Authority (“ACIFA”) and Kim Thomas, in his capacity as ex officio vice president of ACIFA, are not entitled to mandamus relief. I further agree that the Alabama Department of Corrections (“ADOC”) and Thomas, in his official capacity as the commissioner of ADOC, are both clearly entitled to State immunity under Ala. Const.1901, § 14, as explained in Haley v. Barbour County, 885 So.2d 788 (Ala.2004), and Latham v. Department of Corrections, 927 So.2d 815 (Ala.2005).
This Court’s decision in Drummond Co. v. Alabama Department of Transportation, 937 So.2d 56 (Ala.2006), notes several types of actions that are not barred by § 14; these actions are sometimes referred to as “exceptions” to § 14 immunity. One such “exception” involves “ ‘actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.’ ” Drummond, 987 So.2d at 58 (quoting Ex parte Carter, 395 So.2d 65, 68 (Ala.1980)). This “exception” is cited by the correctional officers as support for allowing the instant action to continue against ADOC and Thomas, as its commissioner. However, this “exception,” on its face, would apply only to Thomas, as a State official, and not ADOC, which is a State agency. Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 841 (Ala.2008) (holding “that only State officers named in their official capacity — and not State agencies — may be defendants” in proceedings falling under the “exceptions” discussed in Drum-mond ). Moreover, as this Court noted in Harbert, the so-called “exceptions” to § 14 immunity are not actually exceptions and are nonetheless limited:
“These actions [discussed in Drum-mond] are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions “‘against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘“[a]n action is one against the [Sjtate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
Harbert, 990 So.2d at 840. The correctional officers in this case seek recovery of money from the State. Therefore, the Drummond “exception” the correctional officers cite does not apply in the action against Thomas in his official capacity as the commissioner of ADOC.
I note that, although the “exception” in Drummond the correctional officers seek *371 to apply states that “actions for ... damages” may be pursued, such “actions” refer to only certain limited actions “against State officials ... individually ...,” because actions for damages against officials in their “representative” or official capacities are actually actions seeking to recover money from the State and are, thus, barred. Burgoon v. Alabama Dep’t of Human Res., 835 So.2d 131, 133 (Ala.2002) (“A suit against a State agency, or against State agents in their official capacities, is a suit against the State.”). Even those actions against State officials in their individual capacities, however, may still be barred by § 14, Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989) (“State officers and employees, in their [individual capacities,] ... are absolutely immune from suit when the action is, in effect, one against the State.”), or by State-agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala.2000).
MURDOCK, J., concurs.