PITTMAN, Judge.
 

 The Alabama State Personnel Board (“the Board”) appeals from a judgment of the Washington Circuit Court that reversed an order of the Board that had upheld the dismissal of Joseph Dueitt, an employee of the Alabama Department of Transportation (“DOT”). We reverse the circuit court’s judgment.
 

 The record shows that Dueitt was hired by DOT in 2004. On a Sunday evening in February 2006 Dueitt was driving a DOT vehicle from his primary residence to his secondary residence when he was involved in a single-vehicle wreck that resulted in the total loss of the vehicle. An Alabama State Trooper was dispatched to the scene, arrived 90 minutes later, and began investigating. After having detected an odor of alcohol from both inside the vehicle Dueitt had been driving and Dueitt himself, the trooper administered three handheld-breathalyzer tests that yielded blood-alcohol readings varying from 0.11% to 0.15%, or in excess of the presumptive legal limit of .08% under Ala.Code 1975, § 32-5A-191. The trooper then transported Dueitt to the Washington County jail, where a further breath test showed Dueitt’s blood-alcohol level to be 0.12%. The trooper’s incident report indicated that Dueitt had been driving under the influence of alcohol (“DUI”) and had exceeded the posted speed limit while approaching a curve.
 

 DOT soon thereafter advised Dueitt that he was the subject of a pre-termination hearing scheduled for March 2006. After the hearing, DOT terminated Dueitt’s employment in May 2006. DOT stated, in various items of correspondence with Dueitt and in filings with the circuit court, that it had terminated Dueitt’s employment because he had driven a state vehicle without authorization, had driven that vehicle while intoxicated, and had been involved in a wreck that had resulted in the total loss of that vehicle.
 

 Dueitt appealed from the termination order to the Board, who assigned the case to an administrative law judge (“ALJ”). The ALJ held a hearing and recommended to the Board that DOT’s termination order be upheld. The Board accepted the ALJ’s recommendation and upheld the dismissal. Dueitt then appealed to the circuit court. That court, in its final judgment, determined that the Board’s decision was “not supported by substantial evidence” and ordered that DOT reinstate Dueitt with backpay dating to May 2006. The Board then appealed to this court.
 

 
 *482
 
 The standard of appellate review to be applied by the circuit courts and by this court in reviewing the decisions of administrative agencies is the same.
 
 See Alabama Dep’t of Youth Servs. v. State Pers. Bd.,
 
 7 So.3d 380, 384 (Ala.Civ.App.2008). That prevailing standard is deferential toward the decision of the agency:
 

 “Judicial review of an agency’s administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency’s actions were reasonable, and whether its actions were within its statutory and constitutional powers.... Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.”
 

 Alabama Medicaid Agency v. Peoples,
 
 549 So.2d 504, 506 (Ala.Civ.App.1989). Also, the Alabama Administrative Procedure Act provides that,
 

 “[e]xcept where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.”
 

 Ala.Code 1975, § 41-22-20(k). “Neither this court nor the trial court may substitute its judgment for that of the administrative agency.”
 
 Alabama Renal Stone Inst., Inc. v. Alabama Statewide Health Coordinating Council,
 
 628 So.2d 821, 823 (Ala.Civ.App.1993). “This holds true even in cases where the testimony is generalized, the evidence is meager, and reasonable minds might differ as to the correct result.”
 
 Health Care Auth. of Huntsville v. State Health Planning Agency,
 
 549 So.2d 973, 975 (Ala.Civ.App.1989).
 

 Further, this court does not apply a presumption of correctness to a circuit court’s judgment entered on review of an administrative agency’s decision “because the circuit court is in no better position to review an agency’s decision than this court.”
 
 Alabama Bd. of Nursing v. Peterson,
 
 976 So.2d 1028, 1033 (Ala.Civ.App.2007). Finally, in order for the Board’s decision to uphold the termination of an employee to warrant affirmance, that decision would have to be supported by “substantial evidence,” which in an administrative context is “relevant evidence that a reasonable mind would view as sufficient to support the determination.”
 
 Ex parte Personnel Bd. of Jefferson County,
 
 648 So.2d 593, 594 (Ala.Civ.App.1994).
 

 The Board contends on appeal that the circuit court impermissibly reweighed the evidence and substituted its judgment regarding a question of fact for the judgment of the Board. We agree.
 
 [1]
 

 Dueitt testified before the ALJ that he had consumed no alcohol on the day of the wreck; that a deer had hit the windshield of the vehicle he was operating, causing the wreck; and that he could remember nothing that had transpired between the moment of the wreck and a point in time a few days later.
 
 [2]
 

 A witness called by Dueitt testified via deposition that he had been driving along the road where Dueitt’s vehicle had crashed and had seen Dueitt leaning against the wrecked vehicle. The witness testified that he had walked Dueitt to the
 
 *483
 
 witness’s vehicle, had placed Dueitt in the passenger’s seat, and had offered him a drink from a bottle of whiskey “to calm his nerves.” The witness testified that Dueitt had then “reluctantly” took the bottle and took two “big ol’ shots” before returning the bottle to the witness. The witness testified that near the scene of the wreck had lain the carcass of a 75- to 100-pound doe that had just been killed, that there was fur from the doe stuck in the windshield of the vehicle Dueitt had been driving, and that Dueitt had told the witness to take the doe with him. The witness testified that he then had taken the doe home, processed it at a deer-processing plant that was in his back yard, and eaten it. Finally, the witness testified that he had not known Dueitt before the accident but had become employed by Dueitt before testifying at the deposition.
 

 Among the salient points brought out by the trooper’s testimony before the ALJ were that it had taken him 90 minutes to reach the scene of the wreck because he was assigned to cover a large area; that additional time could have transpired between the time of the wreck and the time state troopers were first notified of the wreck; and that he had smelled alcohol not only on Dueitt’s body, but also in the interior of the vehicle Dueitt had been operating. The trooper also testified that upon Dueitt’s report that he had hit a deer, the trooper had inspected the vehicle for signs of animal fur or blood, but had found none, and that he had found no animal blood or remains near the scene that evening or the next day. The trooper stated further that Dueitt had initially told the trooper that he had consumed no alcohol, but later at the scene of the wreck had admitted that he had consumed a container of beer and that someone who had driven by the scene had given him an alcoholic drink,
 
 [3]
 
 and that the DUI citation the trooper had issued had been dismissed upon Dueitt’s voluntary completion of a DUI class.
 

 Dueitt testified before the ALJ that he could remember little or nothing that had taken place between the time of the wreck and the following Wednesday morning, except that he believed he remembered that he had looked for his cellular telephone near the scene immediately after the wreck. He testified that, on the Monday following the wreck, he had been taken to a hospital and had undergone computerized-tomography scans and other tests and that he had hired an attorney, but that at the time of trial he still could not remember, or could not quite remember, details of those events, and that, when he had approached the same attorney on the following Wednesday, Dueitt had been surprised to learn that he had already hired that attorney. Dueitt never attempted to offer into evidence any medical records showing any medical treatment for any injuries related to the wreck.
 

 The ALJ’s recommendation to the Board stated specifically that Dueitt’s testimony lacked credibility and that his demeanor had added to his lack of credibility. The ALJ further noted two inconsistencies between Dueitt’s testimony before the ALJ and in the March pre-termination hearing — at the hearing before the ALJ, Dueitt testified that he was already 35 to 40 miles into his journey at dusk, while at his pre-termination hearing before DOT, he had testified that he began his journey between 7:00 and 9:00 p.m.; similarly, at the DOT hearing, Dueitt testified that his memory had recovered on Tuesday afternoon, while before the ALJ he testified that it
 
 *484
 
 was Wednesday morning when his memory had returned. The ALJ also opined in her recommendation that the testimony of the witness called by Dueitt was not credible and that the witness had an interest in testifying in Dueitt’s behalf because the witness had entered Dueitt’s employ at the time he testified by deposition. After quoting from a particular administrative regulation that authorizes termination of the employment of an employee found to have committed a “use of alcohol” violation,
 
 see
 
 Aa. Admin. Code (Personnel Board), r. 670-x-19.01(l)(b)(7), the ALJ recommended that Dueitt’s dismissal be upheld because, she said, DOT had met its burden of proof.
 
 [4]
 

 The circuit court stated as its only ground for reversing the Board’s decision that the decision was “not supported by substantial evidence.” Dueitt did not deny that his blood-alcohol level was beyond the presumptive legal limit at the time he was examined by the state trooper, nor did he deny that the vehicle was a total loss as a result of his wreck, so the circuit court must have believed that the blood-alcohol level indicated by the trooper’s tests did not constitute substantial evidence showing that Dueitt had been intoxicated at the time of the accident.
 

 The Aabama Supreme Court addressed precisely this sort of question in
 
 Bickerstaff v. State,
 
 516 So.2d 800, 801 (Aa.1987), stating that when a “substantial” amount of time passes between the time of an alleged offense and a witness’s observation of the defendant, and “it is shown” that the defendant had access to alcoholic beverages in the interim, whether the defendant was intoxicated at the time of the offense is not a question of law, but a question of fact for the fact-finder to decide. The Aabama Supreme Court then quoted approvingly from Justice Maddox’s dissent in
 
 Elmore v. State,
 
 348 So.2d 269 (Aa.1977), in which he stated that “[a] driver’s drunken condition after an automobile accident can be a fact from which the [fact-finder] would infer that he was driving the automobile while in that condition.” 848 So.2d at 271 (Maddox, J., dissenting).
 

 It is, therefore, a question of
 
 fact
 
 whether Dueitt was intoxicated at the time of his wreck. Resolution of questions of fact in this case were the province of the ALJ, acting on behalf of the Board, rather than of the circuit court. It has long been the rule that when a fact-finder — in this case, the ALJ — determines that a witness has been willfully untruthful, that court may disregard all of that witness’s testimony or any part thereof.
 
 Cochran v. Cochran,
 
 5
 
 So.3d
 
 1220, 1233-34 (Aa.2008). In addition to Dueitt’s testimony and demean- or being found not to be credible by the ALJ, the trooper’s testimony, which the ALJ expressly deemed credible, was that he had smelled alcohol inside the vehicle operated by Dueitt as well as on Dueitt himself. We note further that, under
 
 Bickerstaff,
 
 516 So.2d at 801, the fact-finder is permitted to infer intoxication of a party at the time of an event, even when “it is shown” that the party had access to alcohol between the time of the event and the time of a subsequent citation (which would characterize this case only if it is assumed that Dueitt’s witness’s testimony was credible).
 

 In light of the facts and authorities discussed above, we conclude that relevant evidence that a reasonable mind would view as sufficient supports the Board’s de-
 
 *485
 
 cisión to uphold DOT’S termination of Dueitt’s employment and that the circuit court impermissibly substituted its judgment on a question of fact for the judgment of the Board. We reverse the circuit court’s judgment and remand the cause with instructions for the circuit court to enter judgment affirming the decision of the Board.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, ■ THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The Board also contends that the circuit court erred in ordering backpay. Because we reverse the circuit court's order to reinstate Dueitt to his employment with DOT, we pre-termit any discussion of the circuit court's authority to order backpay.
 

 [2]
 

 . As will be shown below, Dueitt identified that point in time differently at different points in the administrative record.
 

 [3]
 

 . The trooper’s incident report, which was prepared just after the time of the wreck, indicated that Dueitt had admitted to having had two containers of beer.
 

 [4]
 

 . Because the Board is authorized by that regulation to approve the dismissal of an employee over a "use of alcohol” violation, we pretermit discussion of the contested question whether Dueitt was authorized to drive the DOT vehicle between his primary and secondary residences.