PITTMAN, Judge.
Eddie Chambers (“the employee”), a worker employed by the public-works department of the City of Birmingham (“the *914 City5’) — a municipality located in Jefferson County — was cited by the City in December 2010 for having failed to comply with an earlier order of the City’s personnel department directing him to attend anger-management counseling sessions; the City contended that the employee had thereby violated a number of substantive regulations promulgated by the Jefferson County Personnel Board (hereinafter “the Personnel Board” or simply “the Board”), including regulations addressing conduct unbecoming a classified employee, insubordination, neglect of duty, and violation of appointing-authority rules or directives of superior officers or supervisors, among others. The employee, after a hearing, was notified by the City that his employment would be terminated, whereupon the employee timely invoked his right to appeal from that decision to the Board.
The Board, which was created pursuant to Act No. 248, Ala. Acts 1945 (hereinafter referred to, as amended, as “the Act” [1]), a general act of purely local application based upon a population restriction contained therein,[2] is empowered by the legislature under Section 2 of the Act to exercise “control, by rules and regulations and practices ..., of all employees and appointees holding positions in the classified service of’ Jefferson County and its municipalities having populations of over 2,500 people. Under Section 22 of the Act, a dismissed municipal employee “may within ten days after notice[ ] appeal from the action of the appointing authority by filing with the Board and the appointing authority a written answer to the [disciplinary] charges” against the employee, after which the Board must “order a public hearing of such charges” before itself or a hearing officer; if the Board finds an appealing employee guilty of the charges, it has the authority to determine whether that employee “shall be dismissed, demoted, suspended, or otherwise disciplined.” Id. In this case, a hearing officer appointed by the Board conducted such a hearing in August 2011 and issued a recommendation to the Board that the termination of the employee’s employment by the City be upheld. The Board, on September 20, 2011, entered an order, signed by two of its three members, affirming the City’s termination of the employee’s employment.
Section 22 of the Act further provides that “[t]he decision of the Board based upon all proceedings before the Board shall be final subject to appeal by either party to the Circuit Court,” i. e., the Jefferson Circuit Court, “to review questions of law and the question of whether or not the decision or order of the Board is *915 supported by the substantial and legal evidence.” Id. Crucially, the Act then states:
“The appeal shall be perfected by filing with the Director of Personnel a statement in writing signed by the party appealing to the effect that said party appeals from the decision or order of the Personnel Board to the Circuit Court, which statement shall be filed within ten days from the announcement of the decision or order of the Personnel Board.”
(Emphasis added.) The employee in this case, acting through counsel, sent a letter to the Board’s personnel director on September 26, 2011, six days after the issuance by the Board of the September 20, 2011, order, giving notice of appeal from that order. The employee did not file anything in the circuit court until October 5, 2011, 15 days after the Board’s order was issued, at which time he filed a “petition for judicial review” naming the City and the Board as defendants and in which he sought to invoke the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975.[3]
The Board thereafter filed a motion to dismiss the employee’s appeal as untimely, noting that the employee had filed no papers with the circuit court until after 10 days had passed after the issuance of its order. The Board cited as authority mandating dismissal of the appeal one of its regulatory provisions, Rule 12.13(b) (“the Rule”), which provides that an appeal of a disciplinary determination of the Board
“shall be perfected by filing with the Director and the Clerk of the Circuit Court of Jefferson County, a statement in writing, signed by the party appealing, to the effect that said party appeals from the decision or order of the Board to the Circuit Court, which statement shall be filed within ten (10) calendar days from the announcement of the decision or order of the Board.”
(Emphasis added.) Although Section 22 of the Act provides that appeals from disciplinary orders of the Board are to be “assign[ed] ... to three Circuit Judges of said Circuit who shall jointly review the record of the hearing before the Personnel Board,” the Board’s motion was set for a hearing before a single judge acting as the chair, or presiding judge, of the three-judge panel. After considering the Board’s motion relying upon the Rule, the employee’s objection relying upon the Act, and the Board’s reply, the presiding judge unilaterally[4] granted the Board’s motion and dismissed the employee’s appeal.
The employee filed a notice of appeal to this court. However, Section 22 of the Act provides that in appeals to the circuit court from adverse rulings of the Board, “there shall be no appeal to any appellate court of Alabama.” Nevertheless, as we noted in Ex parte Dixon, 841 So.2d 1273 (Ala.Civ.App.2002), a party aggrieved by a circuit-court decision in such a matter is not without a remedy in the appellate courts; he or she may file a petition for a writ of certiorari in this court, as to which the appropriate standard of review limits this court to “ ‘a review of whether the circuit court properly applied the law,’ ” “ ‘whether the deci *916 sion is supported by any legal evidence,’ ” and “[whether] there ha[s] been [a] violation of a party’s fundamental rights.” 841 So.2d at 1278 (quoting Ex parte Jackson, 733 So.2d 456, 457 (Ala.Civ.App.1999), and citing Evans v. City of Huntsville, 580 So.2d 1323 (Ala.1991)). Thus, we have considered the employee’s purported appeal from the circuit court’s decision on the employee’s appeal from the Board’s order as a petition for a writ of certiorari in accordance with our customary practice.
The employee contends, among other things, that the Rule is contrary to the Act in the field of perfection of an appeal from an order of the Board and that, to the extent of the conflict arising therefrom, the Act must prevail such that his appeal should be deemed timely. We agree. Whereas the Act states that an appeal from a determination by the Board in an employee-disciplinary matter is “perfected” by means of the employee’s filing of a notice of appeal with the Board’s personnel director within 10 days of the issuance of the Board’s order, the Rule states that such an appeal is “perfected” only by filing such a statement both with the director and with the clerk of the circuit court. To the extent that the Board, by adoption of a regulation that purports to amend a duly enacted statute, has sought to impose a further prerequisite upon parties to disciplinary proceedings before the Board before their appeals may be deemed perfected, the Board has done so in the absence of authority.
“It is settled law that the provisions of a statute will prevail in any case in which there is a conflict between the statute and a ... regulation.
“ Tt is axiomatic that administrative rules and regulations must be consistent with the constitutional or statutory authority by which their promulgation is authorized. “A regulation ... which operates to create a rule out of harmony with the statute, is a mere nullity.” This is because an administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator.’
“An administrative agency cannot usurp legislative powers or contravene a statute.”
Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 47 (Ala.1995) (citations omitted; quoting Ex parte City of Florence, 417 So.2d 191, 193-94 (Ala.1982), quoting in turn Manhattan Gen. Equip. Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936)).[5]
Because the circuit court has, in this case, enforced the Rule to bar an appeal that, according to the Act, was properly perfected by the employee, we conclude that that court has erred. We therefore reverse the judgment under review [6] and remand the cause for the circuit *917 court to allow the employee’s appeal to proceed.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The legislature amended Act No. 248, Ala. Acts 1945, by multiple enactments in 1977. Section 2 and Section 22 of the Act' — the two sections discussed and quoted in this opinion — were each amended in 1977 through two acts: Act No. 677 and Act No. 782, Ala. Acts 1977 (Section 2), and Act No. 679 and Act No. 684, Ala. Acts 1977 (Section 22); after approval by the governor, each of the pertinent acts became effective at 6:00 p.m. on May 23, 1977. The provision of Section 2 quoted in this opinion is substantially identical in Act No. 677 and Act No. 782, and, likewise, the provisions of Section 22 quoted in this opinion are substantially identical in Act No. 679 and Act No. 684; moreover, neither this court nor our supreme court has been called upon to determine which versions of these sections is controlling. See Fraternal Order of Police, Lodge No. 64 v. Personnel Bd. of Jefferson Cnty., 103 So.3d 17 (Ala.2012).

. To the extent that such general statutes of local application, also colloquially known as "bracket bills,” were enacted on or before January 13, 1978, without observance of the notice and publication provisions contained in Section 106 of the Alabama Constitution of 1901, they were ratified in 1980 by Amendment No. 389 to that Constitution. See generally Freeman v. Purvis, 400 So.2d 389, 391-92 (Ala.1981).

. We agree with the Board that it is not a state agency as to whose orders appellate review is governed by the AAPA. See City of Dothan Pers. Bd. v. DeVane, 860 So.2d 881, 883 (Ala.Civ.App.2002).

. Although the employee has contended in this proceeding that the presiding judge of the three-judge panel hearing his appeal did not have the authority to act unilaterally on a dispositive pretrial motion, we have previously held squarely to the contrary. Ex parte Personnel Bd. of Jefferson Cnty., 513 So.2d 1029, 1031 (Ala.Civ.App.1987).

. Ex parte City of Florence erroneously attributes part of the quoted material to Lynch v. Tilden Produce Co., 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034 (1924), a case that is cited but is not quoted by the Court in Manhattan General.

. Although petitions for extraordinary writs directed to circuit courts, such as petitions for the writ of certiorari, are ordinarily governed by Rule 21, Ala. R.App. P., this court treats cases such as this one, in which review by this court has been sought of judgments of the Jefferson Circuit Court reviewing decisions of the Board, as appeals for purposes of preparing records and briefs, and the nature of this court's prior judgments in such cases reflects that treatment (i.e., we "affirm” or "reverse” the circuit court’s judgment in such cases rather than "grant” or "deny” a petition for, or issue, a writ of certiorari). E.g., Ex parte City of Birmingham, 870 So.2d 742, 747 (Ala.Civ.App.2003). Our disposition in this case reflects our adherence to that custom.