DONALDSON, Judge.
The Alabama Peace Officers' Standards and Training Commission ("the commission") appeals from the judgment of the Montgomery Circuit Court ("the trial court") reversing the commission's December 2015 order affirming its revocation of Bryan Mark Grimmett's law-enforcement certification. The commission's decision to revoke relied solely on a provision in a plea agreement filed in the Cullman Circuit Court in 2001 in which Grimmett had agreed not to work in law enforcement. The Cullman Circuit Court, however, had entered an order in May 2015 removing that provision in the plea agreement. Although the commission may base a decision regarding law-enforcement certification on an evaluation of an applicant's character, the commission did not conduct a character evaluation on Grimmett. Instead, the commission based its revocation of Grimmett's law-enforcement certification exclusively on the rescinded portion of the plea agreement. We therefore affirm the portion of the trial court's judgment reversing the commission's revocation of Grimmett's law-enforcement certification. In the judgment, the trial court also directed the commission to reinstate Grimmett's law-enforcement certification to work in a law enforcement agency. Because Grimmett had not completed the requirements necessary for a full reinstatement at the time his law-enforcement certification was revoked, we reverse that portion of the trial court's judgment.
Facts and Procedural History
The commission is an agency of the State of Alabama. Ex parte Alabama Peace Officers' Standards & Training Comm'n, 34 So.3d 1248, 1251 (Ala. 2009) (" Section 36-21-41, Ala. Code 1975, creates the Alabama Peace Officers' Standards and Training Commission. It is undisputed *51 that the statutorily created commission is an agency of the State of Alabama."). The following facts in the administrative record before the commission are not in dispute.
Before 2001, Grimmett was employed as a state trooper and was certified by the commission to work as a law-enforcement officer. In 2001, Grimmett was indicted by a Cullman grand jury on felony charges of theft of property and of altering computer equipment with intent to defraud. The State was represented in the criminal case by the Alabama Attorney General's Office. Grimmett entered into a plea agreement ("the plea agreement") in the Cullman Circuit Court in which he pleaded guilty to the misdemeanor offense of violating § 13A-8-103(a)(1), Ala. Code 1975.[1] As a part of the plea agreement, Grimmett agreed to the following condition, among others: "Bryan Grimmett agrees that he will not seek future employment in any capacity with any law enforcement agency." Grimmett also agreed to pay $1,740 in restitution. On June 25, 2001, based on the plea agreement, the Cullman Circuit Court dismissed the felony charges, adjudicated Grimmett guilty of the misdemeanor offense, and sentenced Grimmett to 12 months' hard labor. The sentence was suspended, and Grimmett was placed on unsupervised probation for 24 months. The commission was not notified of the conviction or of the terms of the plea agreement at that time.
Effective December 11, 2006, the Alabama Board of Pardons and Paroles granted Grimmett a pardon of his conviction in the criminal case in the Cullman Circuit Court.[2] In December 2014, Grimmett applied to work as a state trooper with the Alabama Law Enforcement Agency ("ALEA"). ALEA hired Grimmett. A law-enforcement officer hired by ALEA must be certified by the commission to work in that capacity. See § 36-21-50, Ala. Code 1975. Apparently, Grimmett's certification to work as a law-enforcement officer had never been revoked following the 2001 plea agreement. Although the record is not clear, it appears that Grimmett's hiring by ALEA triggered an examination into his certification status. Grimmett was later discharged from his employment with ALEA. According to both parties, the discharge occurred in February 2015.
On May 11, 2015, Grimmett and an assistant district attorney in Cullman County ("the Cullman County assistant district attorney") filed a joint motion in the Cullman Circuit Court seeking an order deleting the provision in the plea agreement regarding Grimmett's agreement not to seek employment with any law-enforcement agency. On that same day, the Cullman Circuit Court entered an order granting the joint motion and removing the provision from the plea agreement. That action was taken without the knowledge or participation of the Attorney General's Office. At the time the Cullman Circuit Court entered that order, Grimmett had been discharged from probation.
On June 24, 2015, the commission sent Grimmett an "Official Notice of Revocation." The notice stated:
"As a result of your conviction of Altering Computer Equipment in violation *52 of Ala. Code § 13A-8-103(a)(1), specifically the conditions of your plea agreement, which states that you 'would not seek future employment in any capacity with any law enforcement agency,' THE ALABAMA PEACE OFFICERS STANDARDS AND TRAINING COMMISSION HAS REVOKED YOUR CERTIFICATION as a law enforcement officer in Alabama. The revocation is effective immediately.
"Should your conviction be reversed or set aside, you may, at that time, request a hearing before the Commission."
The commission also sent a letter to Grimmett dated August 11, 2015, again stating that the sole basis of the revocation was Grimmett's plea agreement in which he had agreed not to seek future employment with a law-enforcement agency.
Grimmett administratively appealed the revocation and requested a hearing. The commission conducted a hearing on December 2, 2015. At the commencement of the hearing, one of the members of the commission announced that the subject of the hearing was Grimmett's law-enforcement certification. The member also stated that the commission first learned of the work restriction in Grimmett's plea agreement when Grimmett applied to become a state trooper again in December 2014. At the hearing, the commission received documents related to Grimmett's criminal case, including an arrest record, the indictment against him, the plea agreement, the case-action summary, and the Cullman Circuit Court's order modifying the plea agreement. One of the members of the commission stated: "We are here on [the Cullman Circuit Court's order to modify the plea agreement] and [the plea agreement] ... which was [Grimmett's] agreement."
The commission received testimony from the assistant attorney general who had prosecuted Grimmett in 2001 ("the assistant attorney general") regarding the circumstances of the plea agreement and the allegations against Grimmett that led to the indictment. The assistant attorney general testified that the Alabama Attorney General's Office was not consulted or notified regarding the 2015 joint motion to remove the work-restriction provision in the plea agreement that had been filed by Grimmett and the Cullman County assistant district attorney.
Grimmett submitted character evidence on his behalf; however, Grimmett did not testify at the hearing.
On December 8, 2015, the commission entered an order denying Grimmett's appeal, stating:
"The Commission finds based upon the uncontradicted documentary evidence, that Mr. Grimmett was indicted on felony charges in April 2001 by the Cullman County Grand Jury, including Count 1, a felony charge of altering computer equipment with intent to defraud pursuant to Section 13A-8-103(a)(1), and Count II, a felony charge of first degree Theft of Property pursuant to Section 13A-8-3 of the Code of Alabama. ... A felony conviction would have resulted in mandatory revocation of Mr. Grimmett's law enforcement certification pursuant to Section 36-21-52 of the Code Alabama.
"Pursuant to [the plea agreement], on June 18, 2001, Mr. Grimmett plead[ed] guilty to a Class A misdemeanor, altering computer equipment in violation of Section 13A-8-103(a)(1) Code of Alabama. The State's consent to the plea agreement was subject to a number of conditions precedent including that 'Bryan Grimmett agrees he will not seek future employment in any capacity with any law enforcement agency. Further, Grimmett agrees that a copy of this *53 agreement and of his guilty plea will be filed with the Alabama Peace Officers Standards and Training Commission.' ... The Case Action Summary in [Grimmett's criminal case] reflects that the felony charges were dismissed pursuant to the plea agreement, and that Mr. Grimmett was sentenced on the misdemeanor charge under Section 13-8A-103 to twelve months hard labor suspended for twenty-four months on unsupervised probation. ... Mr. Grimmett was ordered to pay $1,740.00 in restitution. ...
"The Alabama Attorney General's Office prosecuted Mr. Grimmett in 2001, and agreed to the plea agreement. [The assistant attorney general], who testified before the Commission in this matter, handled the prosecution of Mr. Grimmett for the Attorney General's Office. [The assistant attorney general] testified that the Attorney General's Office had not been consulted concerning any recent motion in the Cullman County Circuit Court to remove the agreement not to work in law enforcement condition to the plea agreement, and had not joined in any motion to delete or alter this condition precedent to the plea agreement or the order entered by the Court in 2001 pursuant to the plea agreement.
"In the documents before the Commission, there is a Joint Motion to Amend Order which appears to have been filed in the Cullman County Circuit Court on May 11, 2015 by [the Cullman County assistant district attorney] with the Cullman County District Attorney's Office, and attorney Brandon C. Little on behalf of Mr. Grimmett. This order states '[b]oth parties waive any time limits that would prevent this amendment.' ... However, [the assistant attorney general] testified that the Alabama Attorney General's Office had not waived any time limits preventing amendment of the plea agreement and order. Furthermore, the Commission concludes that the parties cannot confer jurisdiction on the Circuit Court to modify an order entered over a decade ago. The Commission concludes that the order entered May 11, 2015 removing the restriction from Bryan Mark Grimmett being employed as a police officer in the State of Alabama, entered almost 14 years after the plea agreement was accepted, does not support the setting aside of the Commission's order of revocation.
"Accordingly, the Commission, by unanimous decision, hereby ORDERS that the appeal of BRYAN MARK GRIMMETT is DENIED, and the revocation of his law enforcement certification stands."
(Capitalization in original.)
On January 4, 2016, Grimmett petitioned the trial court for judicial review of the commission's decision. See Ala. Code 1975, § 41-22-20. Grimmett filed a brief arguing that the work-restriction provision in the plea agreement was invalid and unenforceable; that the Cullman Circuit Court removed that provision on May 11, 2015, and had the jurisdiction to do so; that testimony from the assistant attorney general should not have been allowed at the hearing before the commission; and that § 36-21-52, Ala. Code 1975, cited in the commission's order as the basis for the action, concerns only felony convictions and not misdemeanor convictions or felony charges. The commission filed a responsive brief, stating that "[t]he Commission revoked Grimmett's certification based on his voluntary guilty plea." The commission argued in part that the plea agreement restricted Grimmett from seeking employment with a law-enforcement agency; that the work restriction from the plea agreement was valid; that the Cullman Circuit Court lacked the jurisdiction to enter the May 11, 2015, order removing the work *54 restriction in the plea agreement; and that testimony from the assistant attorney general was either admissible or at least not prejudicial to Grimmett. Grimmett filed a reply brief arguing that the commission did not have the authority to disregard the Cullman Circuit Court's May 11, 2015, order.
The trial court conducted a hearing during which it heard oral arguments from the parties. On June 30, 2016, the trial court entered a judgment reversing the commission's decision and ordering the commission to certify Grimmett. On July 13, 2016, the commission filed a motion to alter, amend, or vacate the judgment. The commission asserted that "[t]he commission's revocation order is based on the commission's finding that [Grimmett], then a State Trooper, agreed never to work in law enforcement as part of a Plea Agreement executed on June 18, 2001, and merged into the final order of the Circuit Court of Cullman County dated June 25, 2001, dismissing felony charges against [Grimmett] pursuant to the Plea Agreement." The commission reiterated its argument that the work-restriction provision of the plea agreement was valid and that the Cullman Circuit Court lacked jurisdiction to enter the May 11, 2015, order removing that provision. The commission also sought to remove the portion of the judgment referring to the trial court having received testimony because the assistant attorney general's testimony before the commission was the only testimony in the case. The commission also argued to remove the portion of the judgment ordering the reinstatement of Grimmett's certification. The commission asserted that Grimmett must pass a character review and complete an 80-hour "refresher" course before his certification can be reinstated. Grimmett filed an objection to the commission's postjudgment motion, arguing that the commission's order was based solely on the plea agreement and not on any character-review requirement. Grimmett conceded, however, that he will have to take the 80-hour refresher course, but he argued that the requirement was not a ground to amend the judgment.
On July 27, 2016, the trial court entered an order denying the commission's motion to alter, amend, or vacate. On July 29, 2016, the commission filed a notice of appeal to this court. This court has jurisdiction pursuant to § 12-3-10, Ala. Code 1975.
Upon the commission's motion, this court remanded the case to the trial court for it to enter a judgment compliant with § 41-22-20(l ), Ala. Code 1975.[3] On September 7, 2016, the trial court entered an amended judgment, that stated, in relevant part:
"The Court having considered [Grimmett's] Petition for Judicial Review, and for cause shown it is hereby ORDERED that [the commission's] final decision refusing to reinstate Bryan Grimmett's law enforcement certification is at the very least, a violation of constitutional or statutory provisions, in excess of the statutory authority of [the commission], affected by other error of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, and unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. Therefore, it is Hereby ORDERED, ADJUDGED, and DECREED that [the commission's] final decision in the above *55 styled case is REVERSED and [the commission] is Ordered to reinstate Bryan Grimmett's law enforcement certification.
"....
"After hearing argument[s] and considering the evidence presented from both parties, this Court found that:
"This decision made by [the commission] was in violation of constitutional or statutory provisions.
"Firstly, [Grimmett] pled guilty to a Class A misdemeanor not a felony. Alabama Code § 36-21-52 provides that [the commission] shall revoke certification of an officer who is convicted of a felony. The record is clear that Grimmett was not convicted of a felony, but was convicted, by way of a guilty plea, of a Class A misdemeanor.
"Moreover, the decision made by [the commission] was in excess of statutory authority of [the commission].
"As it stands today, [the commission] is an Administrative Agency in the State of Alabama not a Court of law. As such, [the commission] holds no authority to deem any decision made by a Circuit Court Judge in the State of Alabama as having been made without standing or outside the statute of limitations. [The commission] went as far as to determine that 'The Commission concludes that the parties cannot confer jurisdiction on the Circuit Court to modify an order entered over a decade ago.' If [the commission] takes issue with the Circuit Court Judge in Cullman County's decision to enter an Order in that case removing the plea agreement clause at issue here, the proper court of review is the Alabama Court of Criminal Appeals not itself.
"Further, the decision made by [the commission] was affected by other error of law.
"The law is very clear that a sentence imposed following a conviction of a crime must conform to the statute and cannot exceed the term prescribed by law. Howard v. State, 390 So.2d 32 (Ala. Cr. App. 1980). In this case, the maximum punishment for this Class A misdemeanor would be twelve months in the county jail, a fine of up to $2,000, or both. Ala. Code §§ 13A-5-7, -12. A lifetime ban of working in law enforcement contemptibly exceeds the term of punishment set out in the statute for the aforementioned charge. This Court equates this type of proscription as akin to banishment cases in which Defendants agreed to leave the State and never return as a part of their plea agreements. The Alabama Court of Criminal Appeals ruled this was outside the jurisdiction of the Court and such clauses were deemed void.
"Additionally, the decision by [the commission] was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.
"The record is clear that [the commission] in the above styled case was acutely aware that [Grimmett] pled guilty to a Class A misdemeanor not a felony. The Commission is given express authority to revoke a certification of an officer having been convicted of a felony offense not a misdemeanor. Moreover, [the commission] was also aware that the clause at issue was struck from the agreement by a Cullman County Circuit Court Judge. Yet, [the commission] decided that in the face of substantial evidence that there was no bar in place that would prevent Grimmett from being recertified, [the commission] decided otherwise.
"Finally, the decision by [the commission] was unreasonable, arbitrary, or capricious, or characterized by an *56 abuse of discretion or a clearly unwarranted exercise of discretion.
"[The commission] recertified Grimmett after the Court entered the May 11, 2015 Order granting an amendment to the plea agreement. Not one month later, June 24, 2015, [the commission] reversed course and revoked Grimmett's certification. This decision seems inconsistent. Why was Grimmett recertified in the first place if the Commission had concerns as to the clause contained in the plea agreement? Further, [the commission] took testimony from the prosecutor in Grimmett's criminal case who only pontificated his opinions on Grimmett's recertification, lauded [she] the lack of jurisdiction of the Circuit Court Judge to enter the Order at issue in this case, and scoffed at his having not been included in the motion to the Circuit Court to remove said provision contained in the plea agreement. None of the aforementioned take into consideration that no statutory or legal concept exists to prevent [the commission] from recertifying Grimmett.
"WHEREFORE, it is Hereby ORDERED, ADJUDGED, and DECREED that [the commission's] final decision in the above styled case is REVERSED and [the commission] is Ordered to reinstate Bryan Grimmett's law enforcement certification."
(Capitalization in original.)
This court granted a motion filed by the Alabama District Attorneys' Association, the Alabama Sheriffs' Association, and the Alabama Chiefs of Police Associations for leave to appear as amici curiae in support of the commission. On March 14, 2017, this court held oral argument on the appeal.
Standard of Review
The standard of appellate review to be applied by the circuit courts and by this court in reviewing the decisions of administrative agencies is the same. Alabama State Pers. Bd. v. Dueitt, 50 So.3d 480, 482 (Ala. Civ. App. 2010). Section 41-22-20(k), Ala. Code 1975, provides the limited scope of judicial review of an administrative agency's order:
"Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
"(1) In violation of constitutional or statutory provisions;
"(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
"(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
"(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
*57 " '[T]his court reviews a circuit court's judgment as to an agency's decision without a presumption of correctness because the circuit court is in no better position to review the agency's decision than is this court. Clark v. Fancher, 662 So.2d 258, 261 (Ala. Civ. App. 1994).' " Affinity Hosp., LLC v. Brookwood Health Servs., Inc., 143 So.3d 208, 211-12 (Ala. Civ. App. 2013) (quoting Brookwood Health Servs., Inc. v. Affinity Hosp., LLC, 101 So.3d 1221, 1225 (Ala. Civ. App. 2012) ). "[I]n order for the [agency's] decision ... to warrant affirmance, that decision would have to be supported by 'substantial evidence,' which in an administrative context is 'relevant evidence that a reasonable mind would view as sufficient to support the determination.' " Alabama State Pers. Bd. v. Dueitt, 50 So.3d at 482 (quoting Ex parte Personnel Bd. of Jefferson Cty., 648 So.2d 593, 594 (Ala. Civ. App. 1994) ).
Discussion
Section 36-21-52, Ala. Code 1975, is the only legal authority cited in the commission's order regarding the commission's authority to revoke Grimmett's law-enforcement certification. Section 36-21-52 provides:
"(a) The certification or authority of any law enforcement officer certified by the Alabama Peace Officers' Standards and Training Commission or otherwise exempt from the minimum standards pursuant to subsection (b) of Section 36-21-46, shall be revoked by the commission when a law enforcement officer is convicted of a felony. If the conviction is reversed or a new trial granted, the certification or authority of the law enforcement officer shall be restored.
"(b) Any law enforcement officer whose certification or authority is revoked pursuant to this section may request a hearing before the commission concerning the revocation. The only issue at the hearing shall be whether the revocation was based on a felony conviction of the officer."
Grimmett was convicted only of a misdemeanor offense.[4] To the extent that the commission relied on § 36-21-52 as statutory authority for revoking Grimmett's certification, the commission's order was affected by an "error of law." § 41-22-20(k)(5).
The commission argues that it properly revoked Grimmett's certification because Grimmett was bound by the work-restriction provision in the plea agreement. We note that the commission was not a party to that agreement. Nonetheless, the commission had before it indisputable evidence that the Cullman Circuit Court had entered an order on May 11, 2015, that struck the provision in the plea agreement restricting Grimmett's employment. Disregarding the Cullman Circuit Court's order was "a clearly unwarranted exercise of discretion." § 41-22-20(k)(7). There was no evidence indicating that Grimmett was bound by the work-restriction provision of the plea agreement at the time of the hearing before the commission. Therefore, the commission's reliance on its finding that Grimmett was bound by the work-restriction provision in the plea agreement was "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." § 41-22-20(k)(6).
The commission argues, as it had determined in its order, that the Cullman Circuit Court's order that struck the work-restriction provision in the plea agreement was invalid. We note that no action was taken in the Cullman Circuit Court attacking *58 the validity of the May 2015 order. The trial court found that the commission did not have the authority to adjudicate the validity of the Cullman Circuit Court's order regarding Grimmett's criminal case. " ' "[A]n administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator." ' " Ex parte Chambers, 137 So.3d 912, 916 (Ala. Civ. App. 2013) (quoting Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 47 (Ala. 1995), quoting in turn Ex parte City of Florence, 417 So.2d 191, 194 (Ala. 1982) ). We note that the Alabama Constitution provides for a separation of powers between the executive and judicial branches of government and that "[t]he criminal jurisdiction of this state is vested in the circuit courts, district and municipal courts and such officers as are by law clothed with criminal jurisdiction." § 12-1-3, Ala. Code 1975.[5]
The commission does not address whether it had the requisite statutory authority to determine the validity of the Cullman Circuit Court's order. "When an appellant fails to argue an issue in its brief, that issue is waived." Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982). We therefore decline to further discuss that issue, and we affirm the trial court's finding that the commission exceeded its statutory authority as an agency and unlawfully proceeded to adjudicate the Cullman Circuit Court's order as invalid. See § 41-22-20(k)(2) and (4).
Moreover, an appeal of the Cullman Circuit Court's order is not before us. Because the commission fails to show that it had the authority to collaterally attack that order or the proceedings before the Cullman Circuit Court, we decline to discuss the parties' arguments regarding the validity of the Cullman Circuit Court's order, the validity of the provisions of the plea agreement, or whether the Cullman County assistant district attorney or the Attorney General's Office should have represented the State in the motion to remove the work-restriction provision from Grimmett's plea agreement. See Cooper v. Bailey, 288 Ala. 84, 86, 257 So.2d 332, 333 (1972) ("This court does not decide questions which are unnecessary to the disposition of a case on appeal.").
The commission argues that it otherwise had the authority to revoke Grimmett's certification pursuant to Ala. Admin. Code (Peace Officers' Comm'n), Rule 650-X-1-.15(7), which states, in part:
"The Commission shall have the following functions and duties together with all powers necessary or convenient for the performance thereof:
"....
"(7) To revoke its approval or certification of any person appointed or certified pursuant to this article for failure to meet the continuing training or education requirements set forth in the rules of the commission or for failure to meet the requirements of Section 3[6]-21-46[, Ala. Code 1975]."
In its initial brief on appeal, the commission asserts that "[it] may refuse admission to training necessary for recertification to applicants, like Grimmett, convicted of misdemeanor crimes."
*59 Section 36-21-46(a)(5), Ala. Code 1975, requires that "[t]he applicant shall be a person of good moral character and reputation. In making this determination, the commission shall consider convictions for misdemeanors and other factors set forth in its duly adopted and promulgated rules." Alabama Admin. Code (Peace Officers' Comm'n), Rule 650-X-2-.05(3), states:
"Conviction of a misdemeanor pursuant to any municipal, state or federal law shall not automatically disqualify a person as a law enforcement officer. Such a conviction may be considered as a factor among several in evaluating fitness as a law enforcement officer, which factors shall include but not be limited to the nature and gravity of the offense or offenses, the time that has passed since the conviction and/or completion of the sentence and the nature of the job held or sought and such other factors as to affect the applicant's character. In the case of a misdemeanor conviction, involving a guilty plea or plea of nolo contendere, involving force, violence, moral turpitude, perjury, or false statements, notwithstanding suspension of sentence or withholding of adjudication, results of psychological testing shall also be considered as a factor in considering the applicant's fitness as a law enforcement officer."
Although the commission could have considered that Grimmett had agreed to the work restriction in his plea agreement as a factor in assessing Grimmett's fitness as a law-enforcement officer, the commission stated on appeal that it did not conduct a character evaluation on Grimmett nor consider Grimmett's character in making its decision to revoke his law-enforcement certification.[6] Because the commission did not exercise its authority pursuant to Ala. Admin. Code (Peace Officers' Comm'n), Rule 650-X-2-.05(3), we cannot uphold the commission's revocation order based on a review of Grimmett's character.
The sole basis for revoking Grimmett's law-enforcement certification was the commission's finding that Grimmett was still bound to the work restriction in his plea agreement. Because the commission could not have relied on that finding, we affirm the trial court's reversal of the commission's revocation of Grimmett's law-enforcement certification.
The commission and amici curiae also argue that the judgment, insofar as it orders the reinstatement of Grimmett's law-enforcement certification, exempts Grimmett from the requirements for recertification such as taking a refresher course and passing a character evaluation. Although a negative character review was not a basis for the commission's revocation of Grimmett's law-enforcement certification, we note that Grimmett was not subjected to a character evaluation, and we are not provided with any reasons why the commission may not continue to assess his fitness as a law-enforcement officer. Regarding recertification courses, Ala. Admin. Code (Peace Officers' Comm'n), Rule 650-X-12-.02(4), provides:
"After a two year absence from employment as a law enforcement officer in this state, a previously certified law enforcement officer in this state shall be required to apply for renewal of his/her certification which will require successful completion of an approved 80-hour academy recertification course. A previously certified law enforcement officer in this state, who has not been employed as a law enforcement officer for two years or more in this state, may be provisionally *60 appointed for six months by the employing agency upon their submitting a notice to the commission as required by Rule 650-X-1-.16(5) and an application for training as set out in Rule 650-X-2-.09, requesting to attend the next available 80-hour academy recertification course."
Alabama Admin. Code (Peace Officers' Comm'n), Rule 650-X-12-.02(10), provides:
"The certification of any law enforcement officer, not otherwise exempt, shall be suspended if the law enforcement officer's continuing education becomes delinquent twenty-four (24) or more hours. The law enforcement officer shall then be required to complete the Alabama Peace Officers Standards and Training Commission eighty (80) hour refresher training program before having his/her certification reinstated. The Executive Secretary shall notify the law enforcement officer and the chief law enforcement officer of the employing agency, thirty (30) days before the effective date of said suspension.
"(a) The certification of any law enforcement officer shall be automatically suspended if the law enforcement officer's employment is terminated and he/she is in violation of this section at the time of termination."
As indicated in the record, Grimmett conceded that he had not fulfilled the required 80-hour refresher course, and Grimmett is no longer employed with ALEA. Pursuant to Ala. Admin. Code (Peace Officers' Comm'n), Rule 650-X-12-.02(4) and (10), Grimmett's law-enforcement certification was suspended before the commission revoked it. Therefore, the trial court's judgment does not return Grimmett's certification to the status quo before the commission's revocation. Accordingly, we reverse the portion of the judgment fully reinstating Grimmett's law-enforcement certification.
In conclusion, we affirm the judgment insofar as it reversed the commission's order revoking Grimmett's law-enforcement certification. We reverse the judgment insofar as it ordered that Grimmett's law-enforcement certification be fully reinstated. We remand the cause to the trial court to enter an order requiring the commission to withdraw its revocation of Grimmett's law-enforcement certification and for other proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
Pittman, J., concurs.
Thompson, P.J., and Moore, J., concur in the result, without writings.
Thomas, J., recuses herself.*

In 2012, Act No. 2012-432, Ala. Acts 2012, repealed §§ 13A-8-100 through -103. The commission asserts that §§ 13A-8-110 through -119, Ala. Code 1975, now codify the offense of altering computer equipment.

In the statement-of-facts section in its initial brief, the commission claims that the fact of the pardon was in the administrative record, but the commission also argues that information regarding the pardon was not in the administrative record. Regardless, a copy of the pardon is in the record.

Section 41-22-20(l ) provides: "Unless the court affirms the decision of the agency, the court shall set out in writing, which writing shall become a part of the record, the reasons for its decision."

It is further undisputed that Grimmett received a pardon for his conviction.

Alabama Const. of 1901, Art. III, § 43, provides:
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."

Accordingly, we pretermit discussion of the parties' arguments regarding whether Grimmett's criminal activity constituted moral turpitude.

Judge Thomas participated in this case at oral argument. However, due to circumstances arising after oral argument, Judge Thomas has recused herself from further consideration of this appeal.