PITTMAN, Judge, dissenting.
Rule 21(a)(3), Ala. R. App. P., states that "[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal," and Rule 4(a)(1), Ala. R. App. P., provides that an appeal is generally to be taken within 42 days of the entry of the pertinent order or judgment. Although Rule 21(e)(4), Ala. R. App. P., as the main opinion notes, precludes direct application of Rule 21(a)(3) to petitions seeking certiorari review of decisions of three-judge panels of the Jefferson Circuit Court exercising appellate review of orders issued by the Jefferson County Personnel Board, I view the 2000 adoption by our supreme court of Rule 21(a)(3) as a clear indication that that court would, if confronted with the question, deem the 202-day delay in this case between the entry of the circuit court's judgment and the filing of the certiorari petition as a circumstance under which it would indeed be "unreasonable to grant the relief sought" pursuant to the common-law standard set forth in Ex parte Smith, 394 So.2d 45, 48 (Ala. Civ. App. 1981) (in which less than 90 days elapsed between the pertinent judgment and the pertinent certiorari petition). Certainly, given that "this court treats cases ... in which review by this court has been sought of judgments of the Jefferson Circuit Court reviewing decisions of the Board[ ] as appeals for purposes of preparing records and briefs," Ex parte Chambers, 137 So.3d 912, 916 n.6 (Ala. Civ. App. 2013), there is no reasonable basis in a modern, computerized era for a certiorari petitioner to be afforded nearly five times the amount of time extended to appellants generally to initiate what is, in essence, appellate review. I thus believe the petition is due to be dismissed as untimely, and I therefore respectfully dissent from the main opinion.
Thompson, P.J., concurs.