SELLERS, Justice.
The Alabama Peace Officers' Standards and Training Commission ("the Commission") petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to enter an order dismissing, on the ground of sovereign immunity under Art. I, § 14, Ala. Const. 1901, the complaint filed against it by Bryan Mark Grimmett. Because the Commission has demonstrated a clear legal right to this relief, we grant the petition and issue the writ.
Facts
The underlying facts of this case are recited fully in *529 Ex parte Alabama Peace Officers' Standards & Training Commission, 238 So.3d 48 (Ala. Civ. App. 2017). That opinion concludes:
"[W]e affirm the judgment insofar as it reversed the Commission's order revoking Grimmett's law-enforcement certification. We reverse the judgment insofar as it ordered that Grimmett's law-enforcement certification be fully reinstated. We remand the cause to the trial court to enter an order requiring the Commission to withdraw its revocation of Grimmett's law-enforcement certification and for other proceedings consistent with this opinion."
The Court of Civil Appeals reversed that portion of the trial court's judgment fully reinstating Grimmett's law-enforcement certification because Grimmett had conceded in the record that he had not satisfied the 80-hour refresher-training course required for reinstatement of his law-enforcement certification. On remand, the trial court entered an order stating, among other things, that "[a]ny recertification or provisional employment as a law enforcement officer shall be subject to applicable law, rules, and requirements of the Commission in effect at the time of any application for recertification by Mr. Grimmett."
At the time the Court of Civil Appeals issued its May 2017 opinion, the Commission had in place a rule requiring a previously certified law-enforcement officer absent from employment as a law-enforcement officer for two years or more to successfully complete an approved 80-hour academy recertification course. In October 2017, the Commission amended its rule on certification to include, among other things, a provision that, if the Commission approves an application for admission to certification training of a law-enforcement officer absent from law enforcement for more than 10 years, that applicant must satisfactorily complete the regular basic-training academy, which is a 520-hour course. It is undisputed that Grimmett has been not employed as a law-enforcement officer since 2000.
On April 3, 2018, Grimmett filed a complaint in the Montgomery Circuit Court seeking declaratory and injunctive relief against the Commission, asserting that he was provisionally offered a job in law enforcement in December 2017; that he attempted to enroll in the 80-hour refresher-training program; and that the Commission refused to allow him to enroll in the refresher-training program, instead requiring him to complete the full 520-hour basic-academy training course. Grimmett sought, among other things, a judgment requiring the Commission to
"obey the Court of Civil Appeals['] ruling; [to] allow Grimmett to attend the 80-hour refresher course; [to] enjoin [the Commission] from applying [its new rule]; to pay all costs and attorney's fees; and to grant such other relief as allowed by law."
On May 4, 2018, the Commission moved the circuit court to dismiss the complaint on the ground that the Commission, as an agency of the State of Alabama, is entitled to sovereign immunity under § 14. Grimmett thereafter filed an amended complaint in which he purported to add as a defendant R. Alan Benefield, in his official capacity as executive secretary of the Commission. On June 13, 2018, the circuit court entered an order denying the Commission's motion to dismiss. This petition followed.
Standard of Review
A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: " '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction *530 of the court.' " Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) ). It is well established that "a court's failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus." Ex parte Alabama Dep't of Mental Health & Mental Retardation, 837 So.2d 808, 810-11 (Ala. 2002). "A ruling on a motion to dismiss is reviewed without a presumption of correctness." Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala. 2003).
Analysis
The Commission asserts several grounds as a basis on which, it says, this Court may issue the writ of mandamus. However, we will address only the issue whether the circuit court erred in failing to dismiss the complaint against the Commission on the basis of sovereign immunity. In Alabama Department of Corrections v. Montgomery County Commission, 11 So.3d 189, 191-92 (Ala. 2008), this Court stated the following well established law regarding sovereign or State immunity:
"Section 14, Ala. Const. 1901, provides: '[T]he State of Alabama shall never be made a defendant in any court of law or equity.' (Emphasis added.) 'The wall of immunity erected by § 14 is nearly impregnable.' Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep't of Human Res., 999 So.2d 891, 895 (Ala. 2008) ('Section 14 affords absolute immunity to both the State and State agencies.'); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala. 2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala. 2007) (same); [ In re] Good Hope [Contracting Co. v. Alabama Dep't of Transp., 978 So.2d 17 (Ala. 2007) ] (same); Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala. 2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala. 1992) (same). 'Absolute immunity' means just that--the State and its agencies are not subject to suit under any theory.
" 'This immunity may not be waived.' Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a 'jurisdictional bar.' Ex parte Alabama Dep't of Transp., 985 So.2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14 simply 'preclud[es] a court from exercising subject-matter jurisdiction' over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala. 2008) .... Any action taken by a court without subject-matter jurisdiction--other than dismissing the action--is void. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999)."
It is undisputed that the Commission is an agency of the State of Alabama. As a State agency, the Commission is entitled to absolute immunity under § 14. See Ex parte Alabama Peace Officers' Standards & Training Comm'n, 34 So.3d 1248, 1251 (Ala. 2009) (" Section 36-21-41, Ala. Code 1975, creates the Alabama Peace Officers' Standards and Training Commission. It is undisputed that the statutorily created Commission is an agency of the State of Alabama."). Accordingly, the circuit court had no subject-matter jurisdiction over the complaint and, thus, was required to dismiss it in its entirety. As noted, after the Commission moved to dismiss the complaint on the basis of sovereign *531 immunity, Grimmett amended the complaint to add as a defendant the Commission's executive secretary in his official capacity. However, because the circuit court never acquired subject-matter jurisdiction over the original complaint naming only the Commission, the amended complaint is also a nullity. See Alabama Dep't of Corr., 11 So.3d at 193 (explaining that "[t]he Commission's original complaint named only the DOC [Department of Corrections] as a defendant. Because the DOC is a State agency, it is, under § 14, absolutely immune from suit. Because the original complaint named only a party that has absolute State immunity, it failed to trigger the subject-matter jurisdiction of the circuit court. Consequently, it was a nullity. The purported amendment of a nullity is also a nullity").
Conclusion
The Commission has established a clear legal right to the relief requested. Accordingly, we grant the petition for a writ of mandamus and direct the circuit court to enter an order dismissing the complaint against the Commission based on the doctrine of sovereign immunity.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Wise, Bryan, and Mendheim, JJ., concur.